LANDON ELLIOTT *v.* THE STATE.*

(*Knoxville.*  September Term, 1923.)

SEARCHES AND SEIZURES.  Affidavit on information and belief supporting search warrant must disclose information.

Though under Thompson-Shannon Code sections 7297, 7299, providing that a search warrant shall only be issued on affidavit setting forth facts tending to show probable cause, the affidavit may be made on information and belief, such affidavit must disclose the nature and source of the information so that the magistrate can determine whether probable cause exists.

Code cited and construed:  Secs. 7297, 7299 (T.-S.).

FROM CARTER.

Error to the Circuit Court of Carter County.—HON. D. A. VINES, Judge.

DIVINE & GUINN, for Elliott.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

*On question of information and belief as basis for issuance of warrant or for examination preliminary thereto, see notes in 10 L. R. A. (N. S.), 159 and 25 L. R. A. (N. S.), 60.

On constitutional guaranties against unreasonable search and seizure as applied to search for or seizure of intoxicating liquor, see notes in 3 A. L. R., 1514; 13 A. L. R., 1316 and 27 A. L. R., 709.

Mr. Chief Justice Green delivered the opinion of the Court.

The plaintiff in error was found guilty of unlawfully storing intoxicating liquors for purposes of sale, and has appealed in error to this court.

The conviction rests upon evidence obtained through the instrumentality of a search warrant, which it is said was improperly issued. The search warrant is attacked for a number of reasons; among others, because it was issued upon an affidavit made "on information and belief." It is conceded by the State that such an affidavit is insufficient. 24 R. C. L., 708, and cases collected in note 13 A. L. R., 1318.

The relevant provisions of our Code are as follows:

"No search warrant can be issued but upon probable cause, supported by affidavit naming or describing the person, and particularly describing the property and the place to be searched." Thompson's Shannon's Code, section 7297.

"The affidavit shall set forth the facts tending to establish the grounds of the application, or probable cause for believing that they exist." Thompson's Shannon's Code, section 7299.

From the foregoing it appears that the affidavit must set forth facts tending to establish the grounds justifying the search warrant, or the affidavit must set forth probable cause for believing that grounds for a search warrant exist.

It is not necessary that the affiant should have personal knowledge of the existence of grounds calling for a search warrant, but such a warrant may be based on an affidavit

made on information, if the information is of the character that indicates probable cause for believing a search warrant to be authorized.

That is to say, when an affidavit is made on information and belief, it should disclose the nature and the source of the information so that the magistrate himself can determine whether probable cause exists for the issuance of the search warrant. If the search warrant might issue on a bare statement that affiant had information leading him to conclude that such a warrant should issue, then the act of the magistrate in issuing the warrant would not be based upon any judicial discretion, but upon the discretion of the affiant.

Reversed and remanded for a new trial.