B. L. AND MATTIE JACKSON *et ux. v.* THE STATE.*

*(Nashville.* December Term, 1925.)

1. INTOXICATING LIQUORS. Affidavit for a search warrant, stating that affiant's grounds for belief that defendant possessed intoxicating liquor was based on information received from reputable citizen, held invalid (Shannon's Annotated Code, sections 7297-7300).

Affidavit for search warrant, stating that affiant's grounds for belief that defendant possessed intoxicating liquor was based on information received from reputable citizen, *held* invalid, in view of Shannon's Annotated Code, sections 7297-7300, as not setting forth facts to establish grounds of application, or probable cause for believing that they existed. (*Post, pp.* 436-438.)

Case cited and approved: State v. Smith, 262 S. W., 65.

Codes cited and construed: Secs. 7297, 7298, 7299, 7300 (S.).

2. SEARCHES AND SEIZURES. Valid search warrant may issue on affidavit made on information and belief, but it must state nature of information which has been given.

Valid search warrant may issue on affidavit made on information and belief, and it is unnecessary for it to set out name of affiant's informant, though such name should be disclosed to magistrate, but affidavit must state nature of information which has been given. (*Post, pp.* 438, 439.)

Case cited and approved: Elliott v. State, 148 Tenn., 414.

3. SEARCHES AND SEIZURES. Where affiant makes affidavit for search warrant on knowledge, he must disclose facts on which knowledge is based, and these facts must be set out in affidavit.

*Sufficiency of warranty for search for intoxicating liquors, see notes in 3 A. L. R., 1519; 13 A. L. R., 1319; 27 A. L. R., 709.

Where affiant makes affidavit for search warrant on knowledge, he must disclose facts on which knowledge is based, and these facts must be set out in affidavit. (*Post, p.* 439.)

4. **INTOXICATING LIQUORS.** Search warrant which did not describe premises to be searched or state what specific property was to be searched for, but referred to affidavit for such description, held invalid (Shannon's Annotated Code, Section 7300).

Search warrant, which did not describe premises to be searched or state what specific property was to be searched for, but referred to affidavit for such description, *held* invalid, in view of Shannon's Annotated Code, section 7300, affidavit not being a part of warrant, but only evidence on which magistrate must determine whether warrant should issue. (*Post, pp.* 439, 440.)

Case cited and approved: Hampton v. State, 148 Tenn., 156.

---

*Headnotes 1. Intoxicating Liquors, 33 C. J., Section 371; 2. Searches and Seizures, 35 Cyc., p. 1266; 3. Searches and Seizures, 35 Cyc., p. 1266; 4. Intoxicating Liquors, 33 C. J., Sections 380, 381.

FROM SHELBY.

Error to the Criminal Court of Shelby County.—Hon. J. Ed. Richards, Judge.

Clarence Friedman, for plaintiffs in error.

Ferriss C. Bailey, Assistant Attorney-General, for the State.

Mr. Justice Hall delivered the opinion of the Court.

The plaintiffs in error were indicted for a violation of our liquor statutes. They were charged with the unlaw-

ful possession, unlawful receipt, and unlawful transportation of intoxicating liquors in several counts.

The jury returned a verdict finding them guilty and fixing their fines at $100 each, and in addition the court imposed a workhouse sentence of sixty days on the plaintiff in error B. L. Jackson, and thirty days on the plaintiff in error Mattie Jackson, and both have appealed in error.

Among other questions made here is upon the validity of the search warrant, and of the affidavit upon which the warrant was based, the search made, and the liquor found on the premises of plaintiffs in error.

The plaintiffs in error, B. L. Jackson and Mattie Jackson, are husband and wife. At the time the search warrant was issued, they were living in rented premises located at 842 South Wellington street in the city of Memphis. The plaintiff in error Mattie Jackson operated a restaurant in the lower part of said premises, and she and her husband occupied rooms above the restaurant. The intoxicating liquor found on said premises consisted of fourteen half pints of white corn whisky stored in the coal house belonging to said premises, located in the rear of the restaurant about ten feet distant therefrom, by Officer Mike Kehoe acting under a search warrant issued by J. H. Klinck, a justice of the peace for Shelby county.

The affidavit upon which this search warrant was based is in words and figures as follows:

"State of Tennessee, Shelby County.

"Personally appeared before me, J. H. Klinck, a justice of the peace, W. E. Adams and made oath that he has good ground of belief, and does believe that Mattie

Jackson has at this time, in violation of law, intoxicating liquors on her person or in her possession in the following described premises: 842 So. Wellington, a two-story stucco restaurant and living rooms above on east side of So. Wellington bet. Iowa and Long streets in Memphis, Tenn. That his reason for such belief being information by a reputable citizen that whisky is being sold at the above-described premises by the said Mattie Jackson, and that there is probable cause for believing that the said Mattie Jackson is in possession of such liquor in the above-described premises contrary to law.

"He therefore asks that a warrant issue to search the person of the said Mattie Jackson and the above-de scribed premises in said county, where he believes said liquor as above described is now concealed, and that the same has been done so in violation of law.

"W. E. ADAMS.

"Sworn and subscribed to before me this 18th day of March, 1925.

"J. H. KLINCK, J. P."

The search warrant reads as follows:

"State of Tennessee, Shelby County.

"To the Sheriff or Any Lawful Officer of Said County: Proof by affidavit having been made before me by W. E. Adams that there is probable cause of believing, and that he does believe, for the reasons set forth in the accompanying affidavit, that the property herein described is in possession of the party therein named: You are therefore commanded to make immediate search of the person and premises, as described in the said affiffidavit, and if you find the said property, or any part thereof, to

Jackson v. State.

bring it forthwith before me, at my office, in taxing district of said county.

"This 18th day of March, 1925.

"J. H. KLINCK,

"J. P. of Shelby County."

The plaintiffs in error seasonably objected to all evidence obtained and offered by the State growing out of the search of the premises of plaintiffs in error under said search warrant upon the ground that the affidavit upon which it was based was made upon information and belief, and did not disclose the source and nature of such information so that the justice of the peace himself could determine whether probable cause existed for the issuance of said search warrant. This is, in substance, the ground of plaintiffs in error's objection to the affidavit.

Furthermore, they challenge the validity of the search warrant because it does not describe the premises to be searched, or the specific property or thing to be searched for.

The objection of the plaintiffs in error was overruled by the trial court, to which action they excepted.

The assignments of error challenge the action of the court in this regard, and the validity of the affidavit and warrant is presented to this court for determination.

The provisions of our Code relating to search warrants are as follows:

"No search warrant can be issued but upon probable cause, supported by affidavit naming or describing the person, and particularly describing the property and the place to be searched." Shannon's Annotated Code, section 7297.

"The magistrate shall, before issuing the warrant, examine on oath the complainant and any witness he may produce, and take their affidavits in writing, and cause them to be subscribed by the persons making them." Shannon's Annotated Code, section 7298.

"The affidavit shall set forth the facts tending to establish the grounds of the application, or probable cause for believing that they exist." Shannon's Annotated Code, section 7299.

"If the magistrate is satisfied of the existence of the grounds of the application, or that there is probable cause to believe their existence, he shall issue a search warrant, signed by him, to any lawful officer, commanding him forthwith to search the person or place named for the property specified, and to bring it before him." Shannon's Annotated Code, section 7300.

We are of the opinion that the affidavit in question fails to meet the requirement of the statute. It fails to set forth the facts tending to establish the grounds of the application, or probable cause for believing that they exist. It does not state the nature of the information. The affidavit merely states that the affiant has good grounds for believing, and does believe, that Mattie Jackson has at this time, in violation of law, intoxicating liquors on her person, or on the premises described in the affidavit; that affiant's reason for such belief is based upon information received from a reputable citizen. This being true, how could the magistrate himself determine whether probable cause existed for the issuance of the search warrant? If the search warrant might issue on the mere statement that affiant had information from a reputable citizen leading him to conclude that

such a warrant should issue, then the action of the magistrate in issuing the warrant would not be based upon any judicial discretion, but upon the discretion of the affiant. The magistrate was wholly unable from the statement of affiant to determine whether or not the information received by him was sufficient to constitute probable cause for believing that the plaintiff in error Mattie Jackson possessed intoxicating liquors on her person, or on the premises described. The statement of affiant was equivalent to saying, "I am informed by a reliable citizen that the fact exists, and I believe it to be true." This amounted to nothing more than information and belief. In other words, it was equivalent to merely saying that "I am informed and believe that Mattie Jackson possesses intoxicating liquors on her person, or on the premises described," and did not state any fact from which the magistrate could determine that probable cause existed.

In *State* v. *Smith* (Mo. App.), 262 S. W., 65, an application for a search warrant, which merely alleged that the prosecuting attorney had been informed that the defendant was unlawfully manufacturing intoxicating liquor, in support of which no evidence was taken, was held insufficient under the statute of Missouri and the constitutional prohibition against unreasonable searches and seizure.

The statute of Missouri provides that a justice of the peace may issue a search warrant if it shall appear to the satisfaction of the justice before whom the petition is filed, either from the facts set forth in the petition or from the evidence heard thereon, that there is probable cause to issue the search warrant.

In that case the petition made by the prosecuting at-
torney merely alleged that the information upon which
he made the application was based upon information
given him by citizens of a township. It showed on its
face that he was not stating the facts, but was reciting
hearsay which others had told him. The court held that
it was not an oath or affirmation reduced to writing, such
as would support any legal warrant or support a finding
of probable cause.

It was held by this court in *Elliott* v. *State,* 148 Tenn.,
414, 256 S. W:, 431, that, under the sections of the Code
hereinbefore quoted providing that a search warrant
shall only be issued on affidavit setting forth facts tend-
ing to show probable cause, the affidavit may be made
on information and belief, but such affidavit must dis-
close the nature and source of the information so that
the magistrate can determine whether probable cause
exists.

It is not necessary for the affidavit to set out the name
of affiant's informant, but it is proper for the affiant to
disclose to the magistrate the name of his informant.
The vital and essential thing is that the affidavit must
state the nature of the information which has been given
affiant in order that the magistrate may determine wheth-
er such information constitutes probable cause.

To illustrate, the affidavit must state that affiant has
been informed by the person giving him the information
that he has been to the premises of the defendant and
seen intoxicating liquors on his person, or on the prem-
ises described; that he has seen jugs, bottles, or other
receptacles on the premises that bore the odor of intoxi-
cating liquors; that he has seen persons coming from

the premises in an intoxicated condition; that he has seen persons carrying intoxicating liquors away from the premises; that he has seen persons unloading from automobiles, or other vehicles, intoxicating liquors at the premises; and such other facts as tend to show that the defendant has in his possession at said premises intoxicating liquors. In other words, he must disclose to the magistrate the information which he has in order that the magistrate may determine whether such information constitutes probable cause.

If the affiant makes the affidavit upon knowledge, he must disclose the facts upon which his knowledge is based, and these facts must be set out in the affidavit.

To illustrate, the affiant must state that he has recently seen intoxicating liquors in the possession of the defendant, or on the premises described; that he has seen persons coming from said premises in an intoxicated condition, or with intoxicating liquors on their person; that the premises have the reputation of being a place where intoxicating liquors are stored; that he has seen persons delivering intoxicating liquors to said premises; and such other facts as tend to constitute probable cause. These are simply intended as illustrations of the nature of the facts which the affidavit must state. Of course the facts may vary in each particular case. But in each case the facts must always be disclosed to the magistrate to enable him to determine whether probable cause exists for the issuance of the warrant, and must be stated in the affidavit.

In *Hampton* v. *State,* 148 Tenn., 156, 252 S. W., 1007, it was expressly held that the information presented to the magistrate in the affidavit is not a part of the war-

rant, but is the evidence upon which he must determine whether or not the warrant should be issued, and that the warrant must tell the officer what to search for as well as where to search.

The warrant under consideration in no manner describes the premises to be searched, nor does it tell the officer what specific property is to be searched for.

The warrant must also describe the premises to be searched, and must state what specific property is to be searched for, whether intoxicating liquors, automobile tires, jewelry, clothing, or other articles.

The statute is plain and unambiguous, and there is no reason why it cannot be easily complied with by those swearing out search warrants. It simply requires that the affidavit shall set forth the facts tending to establish the grounds of the application, or probable cause for believing that they exist, so that the magistrate may, in his judicial discretion, determine whether the search warrant should issue.

For the reasons stated, we think both the affidavit and the warrant were invalid, and the evidence obtained by the officer, as the result of the search, should have been excluded; and there being no evidence independent of the search warrant to sustain the conviction, it results that the judgment will be reversed and the case remanded.