## BILL MATLOCK v. THE STATE.*

## (*Knoxville.* September Term, 1927.)

### Opinion filed October 15, 1927.

1. **CRIMINAL LAW. Possessing liquor. Instructions.**

Under a presentment charging possession of intoxicating liquor received "from a common or other carrier," it is not necessary to prove it was received from a common or other carrier; it is sufficient if proof shows the possession was obtained since February 2, 1917. (Post, p. 626.)

Citing: Acts 1917, chapter 12, sec. 2; Acts 1925, chapter 22.

2. **SAME. Same. Same. Quantum of proof.**

It is still necessary to a conviction for possessing liquor that the jury should find that the liquor in the possession of the accused was received by him after February 2, 1927. The lapse of time since that date has brought some changes as to the quantum of proof on that point; slight circumstances sufficient—but an instruction is bad that bare proof of possession is sufficient to convict. (Post, p. 626.)

3. **SAME. Evidence. Search warrant.**

An affidavit will not support a search warrant which purports to be made upon information which "was communicated to affiant by two negroes and one white man that the accused is now in possession of a quantity of intoxicating liquor. It does not show that affiant's informants were not themselves speaking from mere information. (Post, p. 627.)

Citing and distinguishing: Elliott v. State, 148 Tenn. (Thomp.), 414.

---

*On admissibility of evidence obtained by illegal search and seizure, see annotation in 24 A. L. R. 1408; 32 A. L. R. 408; 24 R. C. L. 708; 3 R. C. L. Supp. 1383; 5 R. C. L. Supp. 1295; 6 R. C. L. Supp. 1435.

---

*Headnotes 1. Intoxicating Liquors, 33 C. J., section 547; 2. Criminal Law, 16 C. J., section 2364; 3. Intoxicating liquors, 33 C. J., section 371; 4. Criminal Law, 16 C. J., section 1110.

---

### FROM McMINN.

Appeal from the Circuit Court of McMinn County.—
HON. JOHN J. BLAIR, Judge.

F. B. MADISON, JAMES CLARK, PAUL R. STEWART and
BROWN & CANDLER, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for de-
fendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the
Court.

The presentment upon which the plaintiff in error was
tried and convicted contains a single count, and charges
that the plaintiff in error unlawfully possessed intoxi-
cating liquor received from a common or other carrier.

In submitting the case to the jury the trial judge made
no reference to that portion of the accusation which de-
scribed the intoxicating liquor possessed by the plaintiff
in error as having been received by him from a carrier,
and instructed the jury that if the plaintiff in error was
in possession of intoxicating liquor he should be found
guilty as charged.

The error in this instruction, in so far as the present-
ment was predicated upon Chapter 12 of the Public Acts
of 1917, defining the offense, is demonstrated in the opin-
ion of this court in *Hayes* v. *State,* 145 Tenn., 629.

The Act of 1917 was amended by Chapter 22 of the
Public Acts of 1925, construed and upheld as to its con-
stitutionality in *Sanders* v. *State,* 153 Tenn., 139. The
amendment has the effect of eliminating the words ''from
a common carrier, or other carrier,'' from Sections 1 and
2 of the Act of 1917 (Chapter 12). Giving effect to this
amendment the statutory definition of the offense charged

in the presentment is that it shall be unlawful for any person, firm or corporation to possess intoxicating liquors received after the enactment of the statute, the date of which was February 2, 1917.

It is still necessary to a conviction under the second section of the Act of 1917 that the jury should find that the whisky in the possession of the accused was received by him after February 2, 1917. The lapse of time since said date has, perhaps, wrought some change in the *quantum* of proof necessary to support such finding, and slight circumstances have been held sufficient by this court to support the jury's finding, but there is nothing in the statute as amended which would support an instruction to the jury that bare proof of possession is sufficient to convict, on the single charge of possessing.

The trial judge, therefore, should have instructed the jury that before there could be a conviction the jury must find beyond a reasonable doubt that the plaintiff in error was in possession of intoxicating liquor received by him since February 2, 1917.

The evidence offered by the State consisted of the testimony of officers describing the result of a search of the dwelling of the plaintiff in error, made pursuant to a search warrant.

The plaintiff in error objected to this evidence on the ground that the affidavit on which the search warrant was issued was inadequate and fatally deficient.

The affidavit purports to have been made upon information which the affiant believed to be true, set out in the affidavit as follows:

"This information was communicated to me by two negroes and one white man, that said defendant is now in possession of a quantity of intoxicating liquor."

In *Elliott* v. *State,* 148 Tenn., 414, with reference to search warrants, the court said:

"It is not necessary that the affiant should have personal knowledge of the existence of grounds calling for a search warrant, but such a warrant may be based on an affidavit made on information, if the information is of the character that indicates probable cause for believing a search warrant to be authorized."

The statement in the affidavit that three men had told the affiant that the plaintiff in error was in possession of intoxicating liquor, is hardly a statement of information sufficient to authorize the issuance of a search warrant. If the affidavit had contained any statement that the informants claimed to have seen intoxicating liquor in the possession of the plaintiff in error, or had witnessed the circumstances, described in the affidavit, justifying a belief that intoxicating liquor was unlawfully in the possession of the plaintiff in error, it may be that the affidavit would meet the rule above stated.

However, there is nothing in the affidavit before us to indicate whether the informants of the affiant were not themselves speaking from hearsay rather than from personal knowledge, or were merely expressing a conclusion from undisclosed circumstances.

We think, therefore, that the trial judge should have sustained the objection of the plaintiff in error to the evidence of the State, based upon the insufficiency of the affidavit upon which the search warrant was issued.

Reversed and remanded.