Albert McKeel v. The State.*

(*Knoxville*. September Term, 1927.)

Opinion filed   January 21, 1928.

1. CRIMINAL LAW.  POSSESSING LIQUOR.  SEARCH WARRANT.

An affidavit which sets forth facts tending to establish the grounds upon which an application for a search warrant is made containing the facts upon which it is based is sufficient to authorize the issuance of the search warrant.   (Post, p. 333.)

Citing: Jackson v. State, 153 Tenn. (26 Thomp.), 431.

2. CRIMINAL LAW.   MANUFACTURING LIQUOR.   MALT BEVERAGES.

Unless the manufacture or brewing of liquor is prohibited by statute it is not unlawful and under our law which makes it unlawful to manufacture for the purpose of sale, and the amendment thereto which provides for the striking out of the words "for purposes of sale" and inserting therein a proviso that the amendatory Act shall only apply to whisky and brandy, we have a statute forbidding the manufacture of malt beverages for sale. (Post, p. 334.)

Citing: 33 C. J., par. 195; p. 578, Acts of 1909, chapter 10; Acts of 1923, chapter 14; Frix v. The State, 148 Tenn. (21 Thomp.), 484.

3. CRIMINAL LAW.   MANUFACTURING LIQUOR.   MALT BEVERAGES.

Where the facts do not show that the defendant manufactured malt liquors for the purpose of sale, and there is no charge of selling or transporting intoxicating liquor, there is not violation of law. (Post, p. 334.)

4. **CRIMINAL LAW. POSSESSING LIQUOR. CONSTRUCTION OF STATUTES.**

Under our statutes it is unlawful for any person, firm or corporation to possess intoxicating liquors received after the Act in 1917 became effective. (Post, p. 334.)

Citing: Acts of 1917, chapter 12; Acts of 1925, chapter 22; Matlock v. The State, 299 S. W., 756, 155 Tenn. (2 Smith), 624.

5. **CRIMINAL LAW. POSSESSION. MALT BEVERAGES.**

The bare possession of intoxicating malt beverages in one's own residence where he might have manufactured it without violating the statutes is not a violation of the transportation statute. (Post, p. 335.)

Citing: Acts of 1917, chapter 12; Hays v. The State, 145 Tenn. (18 Thomp.), 630.

6. **CRIMINAL LAW. MALT BEVERAGES. POSSESSING LIQUOR. TRANSPORTATION.**

One who does not personally transport nor receive the home brew (malt liquor) from another who transported it to his premises but made it on the premises, would not be guilty of unlawfully possessing liquor under our law. (Post, p. 335 )

Citing: Acts of 1917, chapter 112; Acts of 1925, chapter 22.

---

*Headnotes 1. Intoxicating Liquors, 33 C. J., section 195; 2. Intoxicating Liquors, 33 C. J., section 195; 3. Indictments and Informations, 31 C. J., section 363; 4. Intoxicating Liquors, 33 C. J., section 198; 5. Intoxicating Liquors, 33 C. J., section 198.

---

FROM HAMILTON.

---

Appeal from the Criminal Court of Hamilton County. —HON. CHAS. W. LUSK, Judge.

C. C. ABERNATHY, for plaintiff.

W. F. BARRY, JR., Assistant Attorney-General, for defendant.

MR. JUSTICE COOK delivered the opinion of the Court.

Plaintiff in error was arraigned upon an indictment containing counts for (1) selling, (2) possessing, (3) procuring within four miles of a schoolhouse, and (4) transporting intoxicating liquor. At the conclusion of the evidence the State elected to rely on the count for unlawfully possessing intoxicating liquor and the jury reported a verdict of guilty assessing the fine at $150.

Upon appeal errors are assigned through which it is insisted, (1) that the court erroneously admitted the testimony of the officer because his information was obtained through the means of an unlawful search of the residence of plaintiff in error, and an unlawful seizure of the evidence. (2) That the trial Judge erroneously submitted the case to the jury, refusing to direct a verdict because there is no evidence that the liquor seized by the officer was unlawfully possessed. (3) Because there is no evidence to sustain the verdict of the jury.

*(1)* A search warrant was obtained upon the affidavit of J. T. Peck, a constable, who entered the residence of plaintiff in error and seized a quantity of home brew or beer, having an alcoholic content of four per cent. This evidence was objected to upon the ground that the search warrant was unauthorized. It was insisted that the affidavit was insufficient. The affidavit shows probable cause. It sets forth the facts tending to establish the grounds upon which the application for the search warrant was made, and these facts were sufficient to authorize the Magistrate to issue the warrant. *Jackson* v. *The State,* 153 Tenn., 431.

A more serious question arises upon consideration of the facts. The search revealed a quantity of malt beverage, in cases and in an ice box, in the residence of the accused. The officer testified that he observed a can of hops or other material used in brewing, and large jars

or containers ordinarily used to make beer called home brew. In response to a question he answered that he did not see McKeel make the home brew but in his opinion it was made in his home.

*(2)* Unless the manufacture or brewing of liquor is prohibited by Statute it is not an unlawful pursuit. 33 C. J., par. 195, page 578. Chapter 10, Acts of 1909, made it unlawful to manufacture for purposes of sale any intoxicating beverages, including vinous, spiritous or malt liquors. The Act was amended by Chapter 14, Acts of 1923, to strike out the words "for purposes of sale," followed by a proviso that the amendatory Act apply only to whiskey and brandy.

In *Frix* v. *The State,* 148 Tenn., 484, the court construed the amendatory Act, saying the effect of the proviso was to amend the original Act in so far as that Act applied to the manufacture of whiskey and brandy, and as amended the Act made it "unlawful to manufacture those designated species of intoxicating liquor whether for sale or otherwise." Thus we have a Statute forbidding the manufacture of malt beverages for sale.

*(3)* The record does not present a case against the defendant of manufacturing malt liquors for purposes of sale, nor is there a charge for selling or for transporting intoxicating beverages. The action of the District Attorney in electing to rely upon the count against possessing liquor resulted in a dismissal of all other charges, and the case was rested upon the charge of unlawfully possessing intoxicating beverages. The facts show possession only with no circumstance to indicate possession as a result of unlawful transportation.

*(4)* Chapter 12, Acts of 1917, made it unlawful, (1) to receive intoxicating liquor from a common or other carrier. (2) To possess intoxicating liquor received

from a common or other carrier. (3)  To transport intoxicating liquor.  Chapter 22, Acts of 1925, amendatory of the Act of 1917, eliminates the words ''from a common or other carrier'' from Sections 1 and 2 of the original Act.  Giving effect to this amendment, the statutory definition of the offense charged in the third count of the indictment on which the State relies for a conviction is that it shall be unlawful for any person, firm or corporation to possess intoxicating liquors received after the Act of 1917 became effective.  *Matlock* v. *The State,* 299 S. W., 796.

*(5)*  There is no suggestion in the record that plaintiff in error received the home brew from another; on the contrary the evidence indicates that it was manufactured in his house.

The bare possession of intoxicating malt beverages in one's residence, where he might have manufactured it without violating the Statutes of the State, is not a violation of Chapter 12, Acts of 1917, upon which the conviction rests.  *Hayes* v. *The State,* 145 Tenn., 630.

As said in *Hayes* v. *The State,* plaintiff in error may have violated some of the liquor laws, but possession *per se* under the circumstances presented by this record is not denounced by Chapter 12, Acts of 1917.

*(6)*  The trial judge charged the jury that they should disregard the allegation of the indictment that the liquor was received after March 1, 1917.  Taken apart this statement is correct, but he went further and said ''because it is immaterial whether it was received from a carrier or not and when received, the charge being unlawful possession of intoxicating liquors.''  He further charged in substance that it was the theory of the State that defendant was in possession of a large quantity of bottled home brew beer, and told the jurors if they

found that defendant had in his possession such beverages, and that it was actually intoxicating, they should convict. He should have instructed the jury that if accused did not personally transport, nor receive the home brew from another who personally transported it to his premises, but made it on the premises he would not be guilty of unlawfully possessing liquor under the third count of the indictment predicated upon Chapter 12, Acts of 1917, as amended by the Act of 1925.

Reversed and remanded.