L. T. French *v.* State.

(*Nashville.* December Term, 1928.)

Opinion filed July 20, 1929.

J. C. R. McCall, for plaintiff in error.

Nat Tipton, Assistant Attorney-General, for the State.

Mr. Justice Swiggart delivered the opinion of the Court.

This is an appeal by the plaintiff in error, L. T. French, from a judgment rendered by the Circuit Court of Carroll County upon a conviction for possessing whisky. The jury fixed the fine of the plaintiff in error at $125, to which the trial judge added a sentence to the workhouse of thirty days.

Assignments of error of a technical nature are based upon the action of the trial judge in overruling a motion in arrest of judgment.

The indictment contained three counts, the first and third of which charged the plaintiff in error with unlawfully receiving and transporting intoxicating liquor. The second count contained the charge that the plaintiff in

error "did unlawfully possess intoxicating received after March 1, 1917." This count, by an obvious clerical error, omitted the word "liquor" after the word intoxicating.

There was no motion to quash the second count, and the plaintiff in error went to trial upon a general plea of not guilty. The jury returned a special verdict finding the plaintiff in error guilty "of the unlawful possession of intoxicating liquor," which is to be referred to the second count of the indictment.

By motion in arrest of judgment it was contended for the plaintiff in error that the second count of the indictment charged no offense, on account of the omission above pointed out. It is also contended that the verdict cannot stand because it is only an offense to possess whisky received after the enactment of the statute of 1917, chapter 12, and the special verdict operates as an acquittal of the charge of receiving intoxicating liquor under the first count of the indictment.

Regardless of whether the omission of the word "liquor" in the second count would have been supplied from the context, as an obvious clerical error, if the plaintiff in error had pointed out the omission by motion to quash before pleading to the merits, as to which it is not deemed necessary to determine, we are of the opinion that the omission was one which was cured by the verdict. The omission in an indictment of an averment of substance, essential to the definition of the offense charged, may be cured by verdict, if the issue on defendant's plea be such as necessarily to require proof of the facts omitted as a condition precedent to the verdict of conviction returned by the jury. *Whim* v. *State,* 117 Tenn., 94; *Freeman* v. *State,* 118 Tenn., 95.

A special verdict upon a single count of an indictment is given the effect of an acquittal upon the counts to

which the jury did not respond, to the extent that the accused may not again be put to trial upon such other counts; but we are cited to no authority which would give to a special verdict the effect of a negative finding by the jury on facts essential to a conviction under the count to which the special verdict is responsive, because such facts are also averred in counts to which the jury did not respond.

▇ (a) The charge of the trial judge to the jury in the present case was not made a part of the bill of exceptions. The presumption is, therefore, that the jury were correctly instructed that to convict the plaintiff in error of possessing whisky the evidence must convince them beyond a reasonable doubt that the whisky in the possession of the plaintiff in error was received by him since the enactment of the statute of 1917. *Temple* v. *State,* 127 Tenn., 429; *Matlock* v. *State,* 155 Tenn., 624. (b) The verdict of guilty under the second count is, therefore, an affirmative finding by the jury of all the essential elements of the offense therein charged; and this finding of the jury is not impaired nor weakened by the failure to convict under the receiving count.

▇ Questions incident to the return of a special verdict under an indictment charging the violation of the several parts of the statute of. 1917 will be avoided if the trial judges will instruct juries that they may return a general verdict on the whole indictment, whenever the. evidence leaves any uncertainty as to the source or exact nature of the possession proved by the State, and not explained by the accused. This has been the accepted practice for many years under an indictment charging, in separate counts, larceny and receiving stolen property, when the proof of guilt is largely dependent upon evidence of the

unexplained possession of property recently stolen, and it is not clear whether the accused is guilty of the larceny or of receiving with knowledge of the theft. In such cases a general verdict is proper, and the inability of the jury to be more specific is the result of the natural inability of the State to develop evidence peculiarly within the knowledge of the accused. *Cook* v. *State,* 84 Tenn., 461; *Davis, alias Hennessy,* v. *State,* 85 Tenn., 522, and note on page 528.

█ To receive, transport to one's home, or to some other place, and there possess a quantity of intoxicating liquor, is a single transaction, and the several acts constitute a single offense, notwithstanding each of the three acts is denounced in a separate section of the statute. And although the conviction and punishment may result from proof of the receiving or transporting alone, only one punishment may be imposed if all three acts are shown with respect to a single quantity of liquor. *State* v. *Covington,* 142 Tenn., 659, 222 S. W., 1.

█ Proof of the possession of whisky under circumstances fairly indicating its acquisition since the enactment of the statute of 1917, in the absence of evidence that the liquor was manufactured on the premises where found, will compel an inference that the accused either transported the whisky to the place where found or received it there. In such a case, if the indictment charge both transportation and receiving or possessing, it is obvious that a general verdict is properly responsive to the proof, and the jury should be so instructed.

In the case before us the evidence is that certain officers came to the door of the residence of the plaintiff in error and observed him with a fruit jar in his hands. When he saw the officers the plaintiff in error threw the fruit jar into an open fireplace, causing the jar to break and

the contents to become ignited. The liquid ran on the hearth and rug and burned with a blue flame, which the court judicially knows to be the color of the flame made by grain alcohol. The room smelled strongly of whisky.

The plaintiff in error and his wife testified that the jar contained coal oil and that the plaintiff in error was in the act of renewing a sluggish fire with oil, when he was startled by the appearance of the officers and dropped the jar in the fire by accident.

The testimony of the officer that the odor was that of whisky and not of coal oil; that the fire was burning brightly and was not sluggish; and that the plaintiff in error threw the jar into the fire instead of dropping it, presented a controversy of fact involving the credibility of the witnesses which the jury and trial judge determined in favor of the State. The evidence does not preponderate against this finding.

No exception was made to the competency of any of the testimony, and the question of search is not here involved.

There was no evidence of the source of the whisky in the possession of the plaintiff in error. We held in *Matlock* v. *State, supra,* that in view of the great lapse of time since the enactment of the statute of 1917, slight circumstances may be held sufficient to support the jury's finding of a guilty possession of whisky. In this case the plaintiff in error offered no evidence that his possession was lawful, but interposed a denial of possession which the jury found to be false. There was nothing to suggest that the whisky had been made on the premises, and the effort of the plaintiff in error to destroy the evidence of his possession of the whisky was a circumstance

strongly tending to show a guilty possession. Upon this proof we think the jury were justified in their finding of fact that the plaintiff in error had received the whisky in this State since the enactment of the statute of 1917.

We find no reversible error on the record, and the judgment of the circuit court will be affirmed.