HICKS *v.* STATE.

(*Nashville,* December Term, 1951.)

Opinion filed July 11, 1952.

R. R. HAGGARD, of Waynesboro, for plaintiff in error.

KNOX BIGHAM, Assistant Attorney General, for the State.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This is an appeal from a conviction of unlawfully possessing whiskey. Code Section 11216. It was "white corn" whiskey.

The whiskey was found in the home of Hicks as a result of a search made by law officers under the authority of a search warrant. One assignment of error is that this search warrant is void for insufficient description of the premises to be searched, and for lack of averments sufficient in law to justify the issuance of the warrant.

As we understood it, counsel for plaintiff in error conceded in oral argument here that the search warrant is valid. However that may be, we do not think this assignment of error is well taken. The property to be searched is described in the search warrant as being the home of Russell Hicks in the First District of Wayne

County bounded on the north by woodland, east by vacant lot or cleared land, south by vacant lot and west by vacant lot and dim road. It is apparent that this location is in a rural area. In *Webb* v. *State,* 173 Tenn. 518, 121 S. W. (2d) 550, it was observed that homes in rural communities are commonly known by the name of the owners rather than by any boundary description. As stated in the brief of the Attorney General, the recitation that the house to be searched is the home of Russell Hicks in the First District of Wayne County would lead the officers with certainty to the house in question. The description could hardly have been improved, other than to name the owners of the vacant lots on the various sides of this house.

With reference to the insistence that the statements in the affidavit of the search warrant are not legally sufficient to authorize the issuance of the warrant, attention is called to the fact that the affidavit states that affiant's informant said that he, the informant, had within the last ten days seen people coming from this house in an intoxicated condition and had seen persons taking intoxicating liquors to the premises, and that the informant said that he "knows personally that liquors are being kept on premises" of Hicks. These statements are sufficient to justify the issuance of the search warrant. *Jackson* v. *State,* 153 Tenn. 431, 438, 284 S. W. 356.

It is conceded that the finding of this liquor in the home of Russell Hicks would ordinarily create a presumption that the liquor belonged to him. It is said, however, that inasmuch as he was not at home, and that there was in the home some other man along with the wife of Hicks that, therefore, this presumption is de-

stroyed. As part of this assignment it is also said that proof shows that Hicks had not been in his home for a week.

It is a mistake to say that the proof shows Hicks not to have been at home for a week prior to the search. A deputy sheriff testified that he had not seen Hicks there for about a week. That statement is by no means equivalent to a, statement that he had not been at home for a week.

One bottle of this whiskey was found in the pocket of a coat hanging in the bedroom. It is argued that it could as well be presumed that this liquor belonged to the man who was in the house at the time as that it belonged to the defendant. Whatever force, per se, that argument might otherwise have, it is rendered totally without value by reason of the fact that another jar of whiskey was found in that room "in a little old cabinet or place behind some books". We see nothing in the case which takes it out of the rule that there is a presumption that the liquor belonged to the man of the house.

Code Section 11216 provides that the whiskey which it is unlawful to possess is whiskey which was received since March 1, 1917. There is no express proof as to when Hicks received this particular liquor. It is, therefore, insisted that the evidence is not sufficient to justify conviction, since there is no evidence that it was received after March 1, 1917.

*Matlock* v. *State,* 155 Tenn. 624, 299 S. W. 796, was decided in 1927, less than eleven years after the enactment of the statute carried in Code Section 11216. In that case it was insisted that the evidence was insufficient to justify the conclusion that the whiskey there involved was received after March 1, 1917. The Court

held that the lapse of time (about ten and two-thirds years) was such as to require only "slight circumstance" to justify a finding that this whiskey was received after March 1, 1917. In *French* v. *State,* 159 Tenn. 451, 19 S. W. (2d) 276, decided in 1928, the "slight circumstance" sufficient to justify a conclusion that the whiskey was received after March 1, 1917 was that the defendant had sought to destroy possession of the whiskey when the raid was made. In the case at bar this whiskey was found in the home of Hicks in 1949, which is more than thirty-two years after the passage of the 1917 Act. We think this long lapse of time is a sufficient circumstance to well warrant the conclusion that Hicks came into possession of this whiskey after March 1, 1917. We so hold.

Let the judgment be affirmed.

GAILOR, J., dissents.

GAILOR, Justice.

I respectfully dissent from so much of the majority opinion as justifies the conviction by application of the rule stated in *Crocker* v. *State,* 148 Tenn. 106, 251 S. W. 914.

> " * * * that there is a presumption that the liquor belonged to the man of the house." Majority opinion, 250 S. W. (2d) 561.

In my view, the evidence in the present case, both direct and circumstantial, clearly distinguishes it from the Crocker case. In the Crocker case, both the husband and wife, and only the husband and wife, were in physical occupation of the premises. It is the physical occupation, not the legal title or its incidents, which warrants an inference of possession of whisky found on the land. Since there was nothing in the State's evidence

to show that the whisky was stored on the land by the husband, rather than by the wife, and since they, alone, were in physical occupation of the premises, this Court held that a presumption arose that the whisky was in possession of the husband, rather than in possession of the wife, because the husband was head of the family.

In the present case, the defendant husband was not in physical occupation of the premises at the time of the search and seizure. He was not on the premises at the time of the search, and it was stated in argument, that he had not been on the premises for more than a week. It was not a necessary inference that the whisky was in possession of either the husband or the wife, it was an equally reasonable inference that the whisky was in the possession of the man found on the premises at the time of the search and seizure. These facts and the reasonable inference drawn from them, in my view, clearly distinguish the case here from the Crocker case.

Since there is not a scintilla of evidence, direct or circumstantial, that the defendant was in actual or constructive possession of this whisky, I think the judgment should be reversed.