**STATE of Tennessee, Petitioner,**

v.

**John B. SMITH, Respondent.**

Supreme Court of Tennessee.

Feb. 7, 1972.

David M. Pack, Atty. Gen. of Tenn., Robert H. Roberts, Asst. Atty. Gen. of Tenn., Phil M. Canale, Jr., Dist. Atty. Gen. of Tenn., William D. Haynes and Don D. Strother, Asst. Dist. Attys. Gen. of Tenn., for petitioner.

Walter Lee Bailey, Jr., William E. Caldwell, Memphis, for respondent.

OPINION

JENKINS, Special Justice.

Respondent was by separate indictments charged with unlawful possession of marijuana and the unlawful possession of legend drugs. The cases were consolidated for trial.

Respondent was convicted for unlawful possession of legend drugs and his punishment fixed at a fine of $500.00.

Respondent's Counsel tendered a special request that the trial judge charge not only the law relative to the unlawful possession of marijuana but also of the offense of an intent to commit a felony.

The trial judge granted the request and the jury found him guilty of this offense and fixed his punishment at eleven months and twenty-nine days in the county workhouse and a fine of $50.00.

On appeal, the Court of Criminal Appeals overruled all assignments of error insisted upon by respondent, except the one contending the search warrant was invalid.

That Court held the search warrant was invalid and reversed and dismissed the con-

viction because the State had produced no proof other than that obtained by the search.

The State filed a petition for the writ of certiorari which we have granted.

Respondent has filed a cross petition insisting the Court of Criminal Appeals erred in failing to sustain all of his assignments insisted upon in that Court.

On August 2, 1968, J. C. Davis of the Memphis Police Department, secured a search warrant authorizing a search of an apartment leased to respondent for marijuana and legend drugs.

Davis and other policemen of the City went to the apartment to make the search. When they arrived there were six to eight people in the apartment.

No one in the apartment would open the door when the police identified themselves. Consequently, they forced the door open.

An officer found a brown envelope under some clothes on the floor of a closet containing marijuana. In an overcoat hanging in the closet was found two bottles, one containing four tablets of fornial, a barbituate, the other containing forty-six pills of phenobarbital.

The officers, also, found a hand-rolled cigarette containing marijuana and an oriental water pipe used by drug addicts for smoking marijuana and other drugs.

The officers found in a dresser eye droppers, needles, and hypodermic syringes.

A real estate agent testified he leased the apartment to respondent and filed a copy of the lease agreement.

Two witnesses stated they lived in the apartment and each paid a third of the rent. The real estate agent rebutted this testimony by testifying he did not know these two witnesses were staying in the apartment and he had not leased to them nor received any rent from them.

Respondent and several persons in the apartment when the officers arrived testified at the trial. All these witnesses denied knowledge of the drugs and other contraband found in the apartment.

Respondent further testified the door was locked when the officers arrived because he had lost the only key to the door of the apartment. He stated he had gained entrance by opening a window next to the door and reaching in to unlatch the door.

The two witnesses who stated they lived in the apartment and helped pay the rent testified there were two keys to the apartment: one kept by the respondent and the other in a dresser drawer for joint use by the three occupants.

They further testified the door stayed unlocked because this was a meeting place for an organization known as the Black Organizing Project; and that persons interested in the project were coming and going during all hours of the day and night.

The State has assigned as error in this Court the action of the Court of Criminal Appeals in holding the search warrant invalid and reversing and dismissing the indictments rather than remanding for a new trial.

The only question relative to the validity of the search warrant is the sufficiency of the affidavit of the officer to show probable cause.

The affidavit reads as follows:

"Personally appeared before me, Dect. J. C. Davis, and makes oath that probable cause for believing that the laws of the state of Tennessee have been and are being violated by occupants of Apartment No. 2, 1644 Hanover, Memphis, Tennessee, by having in his or her possession, contrary to the laws of the State of Tennessee, marijuana and legend drugs.

"Affiant's reason for believing that there is probable cause: that affiant has received information from a reliable source who has given reliable informa-

tion in the past, that within the past two days marijuana and legend drugs have been seen, used and stored at the below described premises."

The State insists the only reasonable construction that can be placed on the language used in the affidavit is a reliable informant, within the last two days, had seen the contraband used and stored on the premises. We disagree.

The affiant does not state whether his informant had personal knowledge of the contraband being used and stored on the premises or that his informant's knowledge was gained through hearsay.

Thus, there is nothing in the affidavit to show whether the informant was speaking from hearsay rather than from personal knowledge, or was expressing a conclusion from undisclosed circumstances.

Courts should give words used in affidavits for search warrants their natural meaning and interpretation and should not look to possibilities of construction. Ellison v. State, 186 Tenn. 581, 212 S.W.2d 387 (1948).

"The United States Supreme Court recognized, in the case of Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), that an affidavit could not be based on the mere conclusions of an informant, something the Supreme Court of Tennessee has recognized for at least forty years.

"In Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), it was held, inter alia, that hearsay is an acceptable basis for probable cause so long as it is corroborated by other information, or so long as there is 'a substantial basis for crediting the hearsay.' (Of course, as Aguilar holds, this hearsay must be direct observation as to facts from the informant and not just the informant's unsupported conclusions.)" Owens v. State, 217 Tenn. 544, 399 S. W.2d 507 (1965).

In the case of Aguilar v. State of Texas, supra, it is said:

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, 78 A.L.R.2d 233, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887, was 'credible' or his information 'reliable.' Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate,' as the Constitution requires, but instead, by a police officer 'engaged in the often competitive enterprise of ferreting out crime,' Giordenello v. United States, supra, 357 U.S. 480 at 486, 78 S.Ct. 1245 at 1250, 2 L.Ed.2d 1503 at 1509; Johnson v. United States, supra, 333 U.S. 10 at 14, 68 S.Ct. 367 at 369, 92 L.Ed. 436 at 440, or, as in this case, by an unidentified informant."

In the case of Matlock v. State, 155 Tenn. 624, 299 S.W. 796 (1927), this Court said:

"In Elliott v. State, 148 Tenn. 414, 256 S.W. 431, with reference to search warrants, the court said:

" 'It is not necessary that the affiant should have personal knowledge of the existence of grounds calling for a search warrant, but such a warrant may be based on an affidavit made on information, if the information is of the character that indicates probable cause for believing a search warrant is to be authorized.'

"The statement in the affidavit that three men had told the affiant that the

plaintiff in error was in possession of intoxicating liquor is hardly a statement of information sufficient to authorize the issuance of a search warrant. If the affidavit had contained any statement that the informants claimed to have seen intoxicating liquor in the possession of the plaintiff in error, or had witnessed the circumstances described in the affidavit, justifying the belief that intoxicating liquor was unlawfully in the possession of the plaintiff in error, it may be that the affidavit would meet the rule above stated."

 We are of the opinion the affidavit did not provide a sufficient basis for a finding of probable cause and overrule the State's first assignment of error.

However, we are of the opinion the Court of Criminal Appeals should have reversed and remanded the cases rather than dismissed them.

The Court of Criminal Appeals stated in its opinion the convictions could not stand unless the search warrant, under which the convicting evidence was found, was valid.

"Where the case is reversed for insufficiency of evidence, and the evidence on another trial might not be the same, an order of dismissal will not be made, but the appellate court may direct that if the evidence is substantially the same on another trial a verdict in favor of accused should be directed or a nolle prosequi be entered on the indictment." 24B C.J.S. Criminal Law § 1950(2), page 374.

There were several persons in the apartment on the night the search was made who might now testify for the State. The informant may now testify in behalf of the State.

Unless the District Attorney General can offer other evidence than that gathered by the search warrant, we suggest he recommend to the Court the cases be dismissed.

We have considered all of respondent's assignments of error and agree with the Court of Criminal Appeals each is without merit and overrule them.

It results the convictions are reversed and remanded.

DYER, C. J., and CRESON, HUMPHREYS and McCANLESS, JJ., concur.