# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### JANUARY SESSION, 1998

FILED

March 20, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,    )
         )   No. 02C01-9701-CC-00039
    Appellee   )
         )   HAYWOOD COUNTY
vs.       )
         )   Hon. Dick Jerman, Jr., Judge
JOE TYUS,     )
         )   (Possession of Schedule II
    Appellant  )   and Schedule VI controlled
         )   substances with the intent
         )   to sell)

For the Appellant:

**William D. Bowen**
Asst. Public Defender
107 South Court Square
Trenton, TN 38382

**Tom W. Crider**
District Public Defender

For the Appellee:

**Charles W. Burson**
Attorney General and Reporter

**Deborah A. Tullis**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**Clayburn L. Peeples**
District Attorney General
109 East First Street
Trenton, TN 38382

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**O P I N I O N**

The appellant, Joe Tyus, appeals from convictions entered by the Haywood County Circuit Court for felony possessions of Schedule II and Schedule VI controlled substances with the intent to sell. On September 10, 1996, the appellant pled guilty to both offenses, reserving the right under Tenn. R. Crim. P. 37(b)(2)(i) to appeal the following certified questions of law to this court:

> (1) Whether the trial court erred in denying the appellant's motion to reveal the identity of the confidential informant; and

> (2) Whether the affidavit was sufficient to support the issuance of a search warrant under the two-prong test of <u>Aquilar - Spinelli</u>.[1]

After review, we affirm the trial court's judgment.

## I. Identity of the Confidential Informant

The appellant first argues that the trial court erred in denying his motion to reveal the identity of the confidential informant relied upon by Deputy Blackwell in his affidavit used to support the issuance of the warrant to search the appellant's residence. He contends that disclosure was essential in order that the informant's "veracity, credibility, and/or reliability could be further challenged and tested."

Before addressing the merits of any certified question, a reviewing court must determine whether the certified question of law reserved for appeal is dispositive of the defendant's case as required by Rule 37(b)(2). <u>See</u> <u>State v. Preston</u>, 759 S.W.2d 647, 650 (Tenn. 1988); <u>see also</u> <u>State v. Gambrell</u>, No. 01C01-9603-CR-00123 (Tenn. Crim. App. at Nashville, May 7, 1997). We find that this particular issue concerning the informant's identity is not dispositive of the appellant's case. An issue is dispositive when the appellate court must either affirm the judgment or reverse and dismiss solely

---

[1] The appellant additionally argues that the affidavit used to obtain the search warrant was insufficient because it did not state whether the informant was a confidential informant or a citizen source. This issue was not included within the appellant's certified question of law and, therefore, is outside the scope of this Rule 37(b)(2)(i) appeal. Accordingly, we decline review as this issue is not properly before this court.

upon the determination of the certified question presented.  See State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984).  In this case, even if we reversed and dismissed the trial court's ruling and ordered divulgence of the informant's identity, that fact would not, *per se,* result in a termination of the criminal proceedings. Notwithstanding the non-dispositive nature of the appellant's assertion, we elect to review this issue.

The appellant, relying upon Roviaro v. U.S., 353 U.S. 53, 60-61, 77 S.Ct. 623, 628 (1957), argues that, if the disclosure of an informer's identity "is relevant and helpful to the defense of an accused" or is "essential to a fair determination of a cause," the identity must be divulged.  The appellant's reliance upon Roviaro is misplaced. First, disclosure of the informant's identity in Roviaro occurred within the context of the actual trial.  In permitting police officers to withhold an informant's identity, the United States Supreme Court has clearly articulated the distinction between a preliminary criminal proceeding, where for example the question is that of probable cause for the issuance of a warrant, as opposed to trial where the issue of guilt or innocence is at stake.  United States v. Raddatz, 447 U.S. 667, 679, 100 S.Ct. 2406, 2414 (1980); McCray v. Illinois, 386 U.S. 300, 305, 87 S.Ct. 1056, 1059 (1967). See also Rugendorf v. United States, 376 U.S. 528, 533, 84 S.Ct. 825, 828 (1964).  Thus, the rule follows that the name of the informant need not be disclosed at the suppression hearing "if the trial judge is convinced, by evidence submitted in open court and subject to cross-examination, that the officers did rely in good faith upon credible information supplied by a reliable informant."  McCray v. Illinois at 305, 87 S.Ct. at 1059.  See also Aguilar v. Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 1514 (1964).  Second, the appellant's request for disclosure of the informant's identity in this case is sought not because it "is essential to a fair determination of a cause" or because it is relevant to his defense, but rather, as he states, to test the informant's credibility.

3

Clearly, under these circumstances and for all of the foregoing reasons, the appellant's motion to reveal the identity of the informant is without merit.

### II. Sufficiency of the Affidavit Supporting the Search Warrant

The appellant's second issue concerns the validity of the search warrant used to search his residence. Specifically, the appellant contends that the affidavit supporting the issuance of the search warrant is insufficient because it fails both the veracity and "basis of knowledge" prongs of the Aguilar-Spinelli test. See Aguilar v. Texas, 378 U.S. at 108, 84 S.Ct. at 1509; Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584 (1969); State v. Jacumin, 778 S.W.2d 430, 432-36 (Tenn. 1989). The trial court found that the affidavit underlying the search warrant was sufficient and denied the appellant's motion to suppress. The appellant contests this finding.

Initially, we note that a trial court's findings of fact on a motion to suppress are conclusive on appeal unless the evidence preponderates against those findings. State v. Woods, 806 S.W.2d 205, 208 (Tenn. Crim. App. 1990), perm. to appeal denied, (Tenn. 1991). In the present case, we agree with the trial court's findings. Further, we agree with the court's application of the law to those facts.

The affidavit in question states, in pertinent part:

That I have received information from an informant who has given information in the past that has led to drug arrests and convictions said informant has seen marijuana and cocaine at the residence of Joe Tyus within the past 72 hours

An affidavit is an indispensable prerequisite to the issuance of any search warrant. Tenn. Code Ann. § 40-6-103 (1990). Before a search warrant may issue, an affidavit must set forth, on its face, facts that establish probable cause. Tenn. Code Ann. § 40-6-104 (1990). Probable cause has generally been defined as a reasonable ground for suspicion, supported by circumstances indicative of an illegal act. Tenn.

4

Code Ann. § 40-6-104; State v. Johnson, 854 S.W.2d 897, 899 (Tenn. Crim. App. 1993). Probable cause to support the issuance of a warrant must appear in the affidavit, and judicial review of the existence of probable cause will not include looking to other evidence provided to or known by the issuing magistrate or possessed by the affiant. State v. Moon, 841 S.W.2d 336, 338 (Tenn. Crim. App. 1992).

In the present case, the information in the affidavit was supplied by a confidential source. In such cases, the adequacy of the affidavit is subject to the stringent Aguilar-Spinelli test:

> (1) whether the affidavit includes a factual allegation that the informant is credible or the information is reliable; and
>
> (2) whether the affidavit contains the basis of the informant's knowledge.

Jacumin, 778 S.W.2d at 432-36. Again, the appellant contends that the affidavit fails to satisfy either prong of the Aguilar-Spinelli test. We disagree.

Generally, proof of the informant's past performances for or information to law enforcement is sufficient to satisfy the veracity prong, i.e., the informant's credibility or reliability. See State v. Udzinski, No. 01C01-9212-CC-00380 (Tenn. Crim. App. at Nashville, Nov. 18, 1993); see also State v. Lowe, 949 S.W.2d 300, 305 (Tenn. Crim. App. 1996), perm. to appeal denied, (Tenn. 1997). For example, data or information regarding the number of occasions that the informant's previous information has led to convictions supports the conclusion that the informant was correct and therefore, reliable. Lowe, 949 S.W.2d at 305 (citing Udzinski, No. 01C01-9212-CC-00380). Further, an affidavit which sets forth the types of evidence or contraband to which the informant's tips have led the authorities is also looked upon favorably. Id. Clearly, under these standards, the affidavit, indicating the informant's prior assistance in securing convictions for drug offenses, is sufficient to establish the reliability of his information.

Next, under the basis of knowledge prong, the affidavit must reveal sufficient facts which permit the magistrate to determine whether the informant has a basis for his information or claim regarding criminal conduct. See Moon, 841 S.W.2d at 338. In other words, the affidavit must describe the manner in which the informant gathered the information, or the affidavit must describe the criminal activity of the suspects with detail. See, e.g., Earls v. State, 496 S.W.2d 464 (Tenn. 1973); State v. Smith, 477 S.W.2d 6 (Tenn. 1972); State v. Vela, 645 S.W.2d 765 (Tenn. Crim. App. 1982). Information that the confidential informant had, within the last 72 hours, seen illegal drugs at the appellant's residence is sufficient to satisfy the basis of knowledge prong of Aguilar-Spinelli. See, e.g., State v. Love, No. 03C01-9406-CR-00205 (Tenn. Crim. App. at Knoxville, Feb. 18, 1997). This issue is without merit.

Accordingly, the judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOE B. JONES, Presiding Judge


_____
JOE G. RILEY, Judge

6