## Puckett v. Commonwealth.

(Decided October 23, 1925.)

### Appeal from Union Circuit Court.

Criminal Law—Conviction for Possession of Liquor in House Bars Prosecution for Possession in Pool Room at Same Time.—Where liquor was found in house and pool room of accused at same time,

a plea of former conviction of possessing liquor found in house should have been allowed as a bar to prosecution for possessing liquor in pool room, since, under Ky. Stats., section 2554a-1, it is the possession of liquor, not its quantity or place of deposit, that is made illegal.

YEAMAN, PENTECOST & YEAMAN, F. J. PENTECOST and T. S. WALLER, JR., for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

On October 4, 1924, under authority of two search warrants not complained of, the sheriff of Union county searched the pool room of the appellant, Puckett, and found there a small quantity of moonshine whiskey. Immediately thereafter and in company with Puckett, who was at the pool room during its search, the sheriff went to Puckett's residence, about a block away, and searched it, finding there quite a large quantity of moonshine whiskey. The sheriff at once arrested Puckett and he was thereafter presented in the Union quarterly court and tried twice, first for the offense of possessing the whiskey at his pool room, and then for possessing the whiskey found at his home. He was found guilty on both charges and appealed both cases to the Union circuit court. There he was tried, first for having possession of the whiskey at his house and found guilty, from which verdict and judgment he appealed to this court in an appeal disposed of this day, 210 Ky. 764, 275 S. W. —. He was then placed on trial for having possession of the whiskey in his pool room, and thereupon he interposed a plea of former conviction based on the fact that he had been tried and convicted for having possession of the whiskey found at his residence. This plea being disallowed, a trial was had and he was found guilty for this possession, and from this verdict and judgment he brings this appeal to this court.

Appellant relies on several grounds for reversal, but we deem it proper to consider only the one based on the refusal of the lower court to sustain his plea of former conviction, as we think this plea under the facts

of this case was a good defense.   Section 2554a-1, Kentucky Statutes, provides:

> "That it shall be unlawful to manufacture, sell.
> barter, give away, or keep for sale, or unlawfully
> have in possession or transport spirituous. vinous,
> malt or intoxicating liquors except for sacramental,
> medicinal, scientific or mechanical purposes in the
> Commonwealth of Kentucky."

It will be noted that it is the possession of the intoxicating liquor which is made unlawful by this section.   It is not the quantity of the whiskey the possession of which is made illegal, nor is it the place of deposit that is made illegal.   It is the possession of liquor which is illegal.   Had all the whiskey with which appellant is charged in these two cases been found at the same time in his home or pool room, it would not be seriously contended that he could be separately prosecuted for each receptacle of whiskey there discovered or for each separate quantity of whiskey found in different rooms of such house.   There seems to us no distinction in principle because the whiskey, instead of all being in the same house, though in different receptacles or rooms, at the same time, was in different houses, though in the same jurisdiction, at the same time.   The appellant, after the discovery of the whiskey in his pool room, had had no reasonable opportunity to divest himself of the possession of the whiskey in his residence.   Therefore, the possession of the whiskey at this latter place at the time of its discovery was but the same possession as existed when the whiskey was discovered in the pool room and not a new possession or a reassertion of possession, as was in the case of City of Shreveport v. Capolo (La.), 96 So. 21, where the possessor of the liquor had had opportunity to divest himself of its possession and had failed so to do.   Therefore, as the possession of the whiskey in the residence and in the pool room at the same time and in the same jurisdiction constituted but one illegal possession of whiskey, the court erred in refusing to sustain appellant's plea of former conviction after he had been tried and found guilty of the possession of a portion of such whiskey.

The judgment of the lower court is therefore reversed.

Whole court sitting.