O. P. STROUD *v.* THE STATE.

*(Jackson.* April Term, 1929.)

Opinion filed June 17, 1929.

B. C. DURHAM, JR., and L. H. GRAVES, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The plaintiff in error, O. P. Stroud, has appealed from a judgment rendered by the Circuit Court of Lauderdale County upon a conviction for unlawfully transporting more than one gallon of whisky, his punishment having been fixed at confinement in the penitentiary for a term of not less than one year and one day nor more than two years.

On the night of September 28, 1928, the sheriff of Lauderdale County, being in possession of a search warrant directing him to search the person of the plaintiff in error and the automobile in which he was riding, took a position on a county road to await the expected appearance of the plaintiff in error. The hour grew late and the sheriff started home. On the way, and before he reached the main highway, he saw the lights of an approaching automobile, which he took to be that of the plaintiff in error. The two cars were stopped by their respective drivers when they were about seventy-five feet apart. One of the officers, whose identity was known by the plaintiff in error, left the sheriff's car and started toward the car of the plaintiff in error, whereupon plaintiff in error pointed a rifle at him. The officer jumped to the side of the road, with the statement "you won't shoot." The automobile of the plaintiff in error was then put in motion and, apparently in the effort to pass the lighter

automobile of the sheriff, collided with it and was over-turned. The automobile contained fifty gallons of whisky, and when it was overturned the containers were visible and the odor of whisky was manifest. The plaintiff in error was taken in custody and a search of the car confirmed what the appearance and odor of the containers had already made manifest as to their contents. No evidence was offered for the plaintiff in error, and the facts above detailed were developed in the testimony of the sheriff, who was the only witness.

The search warrant was issued upon an affidavit which recited, among other things, that the plaintiff in error had the reputation of a bootlegger in Lauderdale County, and had been convicted several times for transporting intoxicating liquor; that he had himself observed the plaintiff in error in Lauderdale County riding in an automobile on Friday nights for several months, and that he was informed by another person that the plaintiff in error habitually delivered intoxicating liquor in Lauderdale County on Friday nights. The affidavit then contained the statement that affiant's informant, believed by him to be reliable, had stated to the affiant that he had overheard the plaintiff in error agree to deliver intoxicating liquor in Lauderdale County by automobile on that night. The affidavit was made about seven p. m., and the arrest was made sometime after midnight.

A search warrant may be issued upon the faith of an affidavit made upon information and belief, provided it discloses "the nature and the source of the information so that the magistrate himself can determine whether probable cause exists for the issuance of the search warrant." *Elliott* v. *State,* 148 Tenn., 414. The statement of the affidavit that the informant was a reliable person and claimed to have heard the plaintiff in error agree

to deliver whisky on the night the search warrant was to be executed, justified the magistrate in determining that probable cause existed for the issuance of the warrant; and this averment alone was, in our opinion, sufficient to meet the attack on the affidavit.

 It is said that the search warrant was unlawfully issued because the affidavit did not state that the plaintiff in error and his automobile were in Lauderdale County at the time the warrant was issued.

There is no evidence that the plaintiff in error was not in Lauderdale County at the time the warrant was issued. The affidavit recites that the plaintiff in error was in the possession of intoxicating liquor which "he is driving in Lauderdale County." The facts averred in the affidavit show that this statement was made upon information that the plaintiff in error had agreed to deliver whisky in the county on the night during which the affidavit was made. The warrant recites the magistrate's determination of probable cause for believing that the plaintiff in error was then in the county and in possession of the whisky. There being no evidence that the plaintiff in error had not reached the county at the time the affidavit was made and the warrant issued, the record shows no infirmity in the warrant on the ground stated. It is, therefore, not necessary for this court to determine whether a warrant could have been lawfully issued in advance of the arrival of the plaintiff in error in the county, upon evidence that he had agreed and planned to bring intoxicating liquor into the county.

 The statute denounces the personal transportation of whisky. *Looney* v. *State,* 156 Tenn., 337. It has been held by this court that a person is guilty of personally transporting whisky by riding in an automobile with knowledge that it is being used to convey whisky, under

circumstances indicating his presence in the automobile is that of a participant in the transportation of the whisky, and not that of an innocent passenger. It is not at all essential that a person be actually driving the automobile in order to render his participation in the unlawful act ''personal,'' as that word is used in the statute defining the offense. *Morton* v. *State,* 141 Tenn., 357.

It has been held in an oral opinion that a person riding in an automobile as a lookout for a following automobile in which liquor was being transported, was so closely participating in the transportation of the liquor as to be guilty of personally transporting it.

The instruction of the learned trial judge to the jury in this case that the plaintiff in error was guilty of personally transporting whisky if the whisky was his property and was being transported in his automobile, in which he was riding, and with his knowledge and consent, although the automobile was being driven by another person, was therefore correct.

The trial judge was clearly correct in refusing to permit the plaintiff in error to cross examine the witness, who had made the affidavit upon which the search warrant was issued, with regard to the source of the information upon which his affidavit was made and the name of his informant. These facts were wholly immaterial in the prosecution for transportation of whisky, in which the search warrant was involved collaterally. It is wholly immaterial whether the informant be a private citizen or a peace officer. *Bragg* v. *State,* 155 Tenn., 20.

The testimony of the sheriff that the plaintiff in error was frequently in Lauderdale County in an automobile, without any apparent business to bring him there, was competent, as tending to show that the par-

ticular transportation charged in the indictment was an incident of a general practice and business of the plaintiff in error. The State was entitled to offer evidence to this effect, for information of the jury in fixing the punishment upon conviction.

It was also competent for the State to prove the weapons found in the automobile of the plaintiff in error, a rifle and a whip, as an aggravating circumstance competent for the consideration of the jury, in whom a discretion is vested in the matter of punishment.

We find no merit in the assignments of error directed at the argument of the district attorney-general.

It is further assigned as error that the trial judge failed to instruct the jury that they might convict the plaintiff in error of a misdemeanor, as for carrying intoxicating liquor in a quantity less than one gallon, an offense included in the charge of transporting more than one gallon of whisky. The evidence shows without controversy that the quantity of whisky transported by the plaintiff in error was approximately fifty gallons. There was, therefore, no possibility of a controversy as to whether the transportation was a felony or a misdemeanor. It has been held that the statutory requirement that the trial judge shall instruct the jury with regard to offenses of smaller degree included in the larger offense stated in the indictment, is for the purpose of leaving it to the jury to determine the possibly controverted question of whether the proof sustains the offense of the larger or smaller degree. No such controversy being possible under the evidence of the present case, the failure to instruct the jury with regard to the misdemeanor was not error. *Jones* v. *State,* 128 Tenn., 493; *Palmer* v. *State,* 121 Tenn., 465; *Powers* v. *State,* 117 Tenn., 363; *Good* v. *State,* 69 Tenn., 293.

■ The statutes of Tennessee make no distinction between the issuance of a search warrant authorizing a search in the nighttime and the issuance of such a warrant authorizing a search in the daytime, as do the Acts of Congress; and there is, therefore, no merit in the contention that the search was improper because made in the nighttime.

■ The trial judge failed to instruct the jury that they were the judges of the law as well as of the facts, and a special request was tendered for an instruction in this regard. We cannot conceive of any prejudice resulting to the plaintiff in error from this omission, in view of the absence of any reasonable controversy as to his guilt or as to the merits of the prosecution. *Ford* v. *State,* 101 Tenn., 454.

The guilt of the plaintiff in error was established by competent evidence without controversy. There is no reversible error on the record, and the judgment of the circuit court will be affirmed.