STATE OF IOWA, Appellee, v. CLAY DALE, Appellant.

No. 44319.

DECEMBER 13, 1938.

William P. Welch, for appellant.

John H. Mitchell, Attorney General, Buell McCash, Asst. Attorney General, Henry J. Roelofs, Spec. Asst. Attorney Gen-

eral, Carl V. Burbridge, County Attorney, and J. A. Murray, Spec. Prosecutor, for appellee.

HAMILTON, J.—There is ample evidence to sustain the verdict. Appellant seeks reversal because of alleged misconduct of counsel for the state in his closing argument to the jury and on the failure of the court to instruct the jury as to defendant's theory of the case.

On the afternoon of August 31, 1937, some men were engaged in flushing a storm sewer at an intersection of two streets in the city of Missouri Valley, Iowa. While so engaged, the defendant came along in his car and ran over them. He proceeded on down the street about a hundred feet before bringing his car to a stop. Two persons, who were witnesses, went over to defendant's car. One of them took the ignition key to the car and both testified that they detected the odor of liquor on the defendant's breath and that he was intoxicated. The deputy sheriff was called and defendant was taken to a doctor's office and examined and from there defendant was taken to the county jail where he was again examined by another physician. Both of the physicians gave as their opinion that the defendant was under the influence of intoxicating liquor. At the time of the trial, defendant took the witness stand and, in explanation of his conduct in running over the workmen, who were in plain view in the center of the street, stated that the cuff of his overalls caught fire and burned the calf of his leg and in attempting to put out the fire he lost control of the car he was driving. He apparently thought of this some time after his arrest as he said nothing about it to the men who first contacted him and they saw no smoke nor smelled the odor of burning cloth. Neither did he mention it to the doctor who first examined him. There was a sore on his leg and he exhibited a pair of overalls which he identified as those he was wearing at the time and which showed that they had been on fire at some time or other. He admitted that he had taken a drink of whiskey, about two ounces put in a glass of Coca Cola, at ten o'clock that morning. In his examination on the witness stand, after stating that he had taken this drink of whiskey and after relating other events and giving his explanation of his losing control of the car due to the overalls catching fire, he was then asked:

"Q. Now, after taking that drink, did you notice any effect from it, loss of control of yourself in any way when you mixed it with Coke? A. No."

In the closing argument, the special prosecutor said something to the effect that the defendant, when he took the witness stand in his own behalf, did not deny that he had been intoxicated and, in connection with this, the record shows the following:

"Mr. Welch: The defendant objects to the misconduct of the attorney for the state in misstating the record in this case. He said in his argument to the jury that the defendant did not deny that he was intoxicated, while the record shows that the defendant had only taken one drink that day, and it had no influence on him. That is all of the objection.

"The Court: The jury heard the testimony of the defendant, and will be the judges of the facts as to whether the statement is true or not. I do not know myself. I do not recollect the testimony as to whether it is a proper argument or not. It is for the jury to say. Defendant excepts to both rulings."

After the court had ruled on the defense attorney's objection, the special prosecutor made the following remark to the jury:

"* * * They could easily see that the facts in this case warranted his conclusions that if his statements were not true, that counsel for the defendant would not jump up and squeal like a pig under a gate."

Defendant's attorney again objected and as to this statement said it was "highly improper for counsel for the state to argue that counsel making the objection was squealing like a pig under a gate, and such conduct is prejudicial and highly inflammatory," to which the special prosecutor rejoined that he had not referred to the defense attorney "as a pig under a gate" and asked the court for the privilege to proceed with his argument.

"The Court: You may when you make this record. I do not think the statement of counsel exactly states what was said. I cannot, of course, repeat it. One is too strong and the other is too mild, but I think it is improper for counsel for the state to make the reference he did to counsel for the defendant, so there-

fore, the jury is instructed to disregard those remarks and they are taken from their consideration."

It requires no citation of authorities in support of our statement that there is nothing in these objections that would warrant a reversal of this case. It is not clear, from the testimony of the defendant, as to what particular time he was referring when he said that he did not notice any effect from taking the drink when he mixed it with coke. Strictly speaking, defendant did not testify that he was not intoxicated at the time he ran over the men in the street. The admonition of the court was timely and proper and all that was called for. As to the retort made by the special prosecutor, if there was any misconduct, the same was cured by the admonition of the trial court. Matters of this kind have many times had the attention of the court and we are not inclined to repeat what has been so often said in passing upon similar objections. See State v. McKinnon, 158 Iowa 619, 138 N. W. 523; State v. Wilson, 157 Iowa 698, 141 N. W. 337, and State v. Burns, 119 Iowa 663, 94 N. W. 238. Such matters are peculiarly within the discretion and power of the trial court, who is in a position to see and hear all that takes place on the trial, and this court should not interfere unless it appears that the alleged misconduct has been so prejudicial as to deprive the defendant of a fair hearing. The case of State v. McIntyre, 203 Iowa 451, 212 N. W. 757, relied upon by the defendant, presents an entirely different state of facts.

As to the defendant's complaint that the trial court failed to submit to the jury the defendant's theory of how he happened to lose control of the car, we have only to say that the defendant failed to make such request of the trial court and, in the absence of such request, is in no position to complain. The case falls within the rule announced in State v. Christensen, 205 Iowa 849, 1. c. 852, 216 N. W. 710, 711, wherein we said:

"Defendant contends that the court did not submit his theory of the case to the jury, in that the court did not instruct the jury that, if someone else placed the liquor in the nests, without defendant's knowledge or consent, defendant would not be guilty. Defendant does not, in this connection, contend that the court erred in the instructions which were actually given. He made no request for further instructions. The failure of the court to more fully instruct on defendant's theory was not, in

the absence of a request, error. State v. Kendall, 200 Iowa 483, 203 N. W. 806.''

We have examined the court's instructions, in the instant case, and find that such instructions adequately presented the law of the case and were sufficient to guide the jury in determining the one issue involved.

Finding no error and being convinced, from an examination of the record, that the defendant had a fair trial, the case must be and is affirmed.—Affirmed.

SAGER, C. J., and MITCHELL, ANDERSON, RICHARDS, KINTZINGER, STIGER, DONEGAN, and MILLER, JJ., concur.