ZIMMERMAN *v.* STATE.

(*Knoxville,* September Term, 1938.)

Opinion filed Dec. 17, 1938.

S. Raulston Schoolfield, of Chattanooga, for plaintiff in error.

Harry Phillips, Assistant Attorney-General, for the State.

Mr. Justice DeHaven delivered the opinion of the Court.

Plaintiff in error, hereinafter referred to as defendant, was indicted, in two separate indictments, at the same session of the grand jury, charging him in each instance with the possession of intoxicating liquor on November 13, 1937.

The two cases were tried together. Defendant was convicted in both cases, and his punishment fixed at a fine of $250 and ninety days' imprisonment in the county workhouse in each case. The imprisonment in the second case was ordered to "run consecutive" with that imposed in the first case.

Defendant has appealed to this court and assigned errors.

It is first complained that the evidence in the record

shows but one offense of unlawful possession of intoxicating liquors. The uncontroverted facts, as shown by the record, are, in substance, that defendant was operating a place called the Dutch Inn, out some miles from the City of Chattanooga; that on November 13, 1937, certain officers, on information that defendant had in his possession on the premises known as the Dutch Inn certain intoxicating liquors, obtained a search warrant directing a search of said premises. In the execution of this warrant, the officers found 2 quarts and 1 pint of intoxicating liquors in the icebox at the Inn. At the time of this search, defendant's automobile was parked at the Inn and on the premises. A search warrant was then obtained for the automobile. It is definitely shown that the automobile was on the premises. Mr. Hudlow, deputy sheriff, who executed the search warrant for the automobile, was asked:

"Q. Mr. Hudlow, at the time you executed this search warrant was Mr. Capley and the rest of the officers with you?

"A. Yes.

"Q. They had a search warrant for the premises?

"A. Yes.

"Q. And the car was on the premises at the time?

"A. Yes."

The search of the automobile resulted in finding 282 pints and 14 quarts of intoxicating liquors.

At the conclusion of the evidence in the case, defendant moved for a directed verdict in his favor, in the second case, on the ground that the evidence showed but one offense of possession of intoxicating liquors. This motion was overruled by the court.

We are unable to agree that because defendant

had some of his liquor stored in his icebox and some stored in this automobile, on the same premises, at the same time, that he was guilty of two distinct offenses of unlawful possession.

In *State* v. *Williams*, 29 Tenn. (10 Humph.), 101, it was held that there can be but one larceny at the same time and the same place, no matter how many different articles of different kinds, and different values, may have been stolen.

In *State* v. *Christensen*, 205 Iowa, 849, 216 N. W., 710, where liquor was found in different places on the same premises, the court said [page 711]:

"Possession may be quite transitory and variable in place. The two properties, the blacksmith shop and the chicken coop, were but a short distance apart, both owned and operated by the defendant and in his possession. Hence the bottles found therein were in his possession. That one parcel of liquor might be found on defendant's person, or on one shelf, or in one room or building, and another parcel in another place, it all being in defendant's possession, does not make the possession of one a distinct and separate offense from that of the possession of the other."

In *Green* v. *State*, 22 Ala. App., 536, 117 So., 607, the defendant was in possession of one gallon of whisky on his person and five gallons in his house, all on the same premises at the same time, and the court held that the possession of all the whisky on the premises of which the owner has a guilty knowledge, and of which he has control, is one possession and may not be split up into numerous prosecutions. The court quoted the following from *Holland* v. *State*, 215 Ala., 106, 109 So., 885, 886:

"If there was whisky in the smokehouse, some just

below the house under a log, and a quart lying in the water under a tree, and all of this was in defendant's possession at the same time, there was only one possession.''

The fact that a portion of the liquor of which defendant was possessed was stored in an automobile on the premises could not be held to take the case from out the rule above discussed. The circumstance that the automobile was movable property can make no difference, when the proof shows it was at defendant's place of business when the search warrant was secured and when it was executed.

We hold that the trial judge was in error in refusing to direct a verdict in defendant's favor, in the second case.

■ It is further contended by defendant that he was put on trial on two indictments, and the State should have been required to elect upon which indictment it was asking for a conviction. The record shows that the two cases were consolidated and tried together. No objection appears to have been entered to such action. No motion was made at the trial to require the State to elect between the two indictments. The motion for a directed verdict was limited to the second case.

■ Under the second assignment of error it is complained that the trial judge erred in overruling defendant's motion to quash both search warrants as violative of section 11907 of the Code, which is as follows:

"*Return.*—A search warrant shall be executed and returned to the magistrate by whom it was issued within five days after its date; after which time, unless executed, it is void.''

Both search warrants directed that the officer make

due return within ten days. The warrants show on their face that they were executed and returned the same day they were issued. It is the contention of defendant that the warrants were void *ab initio,* because of the direction contained therein to the effect that return should be made within ten days. As pointed out by the trial judge in overruling defendant's motion for a new trial, our search warrant statutes do not require that the warrant shall contain a direction as to when return shall be made. This language was, therefore, surplusage, and no injury to defendant arose therefrom.

 The third assignment of error is somewhat vague, but, as we understand it, defendant is here complaining that when he appeared before the magistrate who issued the search warrants, for the purpose of controverting the grounds on which the warrants were issued, the magistrate refused to require the officers who obtained the search warrants to disclose the name of their informant.

Section 11910 of the Code is as follows:

"Contest of facts before magistrate.—If the grounds on which the warrant was issued be controverted, the magistrate must proceed to hear the testimony, which must be reduced to writing, and authenticated in the manner prescribed in section 11900."

A certified copy of the transcript of the proceedings before the magistrate was presented and introduced in evidence on the trial of the instant cases. What this transcript shows is thus stated in that part of the opinion of the trial judge dealing with this question, which is as follows:

"The other ground pressed by defendant is that he was denied the right to controvert the grounds upon which the search warrant was issued, when he undertook to

do so before the magistrate who issued the warrant, and before whom he was brought, under arrest, at the time the warrant was returned, along with the liquors found in possession of defendant, by means of the said warrant. The Code section invoked is 11910.

"The defendant has brought into court a transcript of the evidence and proceedings in the magistrate's court. This transcript has been authenticated by the presiding magistrate. A careful reading of this document leaves the court with grave doubt as to whether there was indeed such controversion of the grounds upon which the warrant was issued as to give the defendant any standing on this point. The defendant introduced no proof at all. He contented himself with cross-examination of the State's witnesses. The only question asked by defendant's counsel which seems to have remained unanswered was that as to the identity of the informant, and he did not press this question, in fact, it never was put in the form of a direct question. There was no denial of any fact alleged in the search warrant, there was no invoking of the statute at the time, there was no statement to the court that defendant wished to controvert or deny any ground upon which the warrant was issued.

"The court therefore deems it unnecessary to discuss the authorities bearing upon the right of the defendant to controvert the grounds upon which the warrant issued."

In *Stroud* v. *State,* 159 Tenn., 263, 17 S. W. (2d), 899, this court held that the trial judge properly refused to permit the defendant to cross-examine the witness, who had made the affidavit upon which the search warrant was issued, with regard to the source of the information

upon which his affidavit was made and the name of his informant. And in *Gallimore* v. *State,* 173 Tenn., 178, 116 S. W. (2d), 1001, it was held that whether it is essential that the name of the informant, otherwise shown to be a reliable person, shall be given, is for the magistrate to determine when issuance of a warrant is sought. However, it appears from the transcript that the name of the informant had been given to the magistrate before the search warrants were issued, and the affidavits for the warrants state that the information was received from "a responsible and reliable citizen of said state" (Tennessee).

Upon a consideration of the whole record, we are of the opinion that the conviction in the second case was improper because there was but one offense, and the judgment obtained in the second case must be reversed and for naught held. The judgment in the first case is affirmed.