DYKES *et al.* v. STATE.

(*Knoxville,* September Term, 1952.)

Opinion filed December 5, 1952.

JOHN A. ARMSTRONG, of Greeneville, for defendant.

NAT TIPTON, Assistant Attorney General, for the State.

Mr. Justice Prewitt delivered the opinion of the Court.

The defendants, Dykes, Mendenhall and Simpson, were separately indicted for the felonious transportation of whiskey, and in a second count, transporting more than three gallons of unstamped whiskey. They were convicted and a maximum punishment set at not more than two years in the penitentiary upon each count.

For the reasons hereinafter stated, the conviction must be modified, but the judgment will be corrected so as to impose the sentence upon the second count alone.

The record discloses that on the night in question, John Beeler, a highway patrolman, was patrolling the road between Greeneville and Jonesboro. Just past midnight, he noticed two cars following each other headed in the direction of Greeneville. After he saw these cars go south, he obtained information that they were intending to transport whiskey. His patrol car was equipped with a radio, and he later saw these cars return north. He followed them with his lights turned off and in the meantime, he had other highway patrolmen at a road junction. They turned the red light on the car and the testimony is that Mendenhall, who was driving the second car, jumped out and ran. The patrolmen went to this car and saw five cases of moonshine whiskey in the back seat.

The defendants were indicted separately and were all represented by the same counsel. When the cases were called for trial, the trial judge observed that all three indictments grew out of the same transaction but counsel objected to a consolidation or trying the cases together, upon the ground that the question in the case against Mendenhall was that of the validity of the search and that against the other two was whether or not they had any connection with the transportation and that he desired to use Mendenhall as a witness for them. The trial judge overruled the application for separate trial and ordered the cases tried together.

The only error assigned upon this appeal consists in the action of the trial judge in trying the cases together. Counsel for the defendants states that he has been unable to find any case to support his position.

In *Woodruff* v. *State,* 164 Tenn. 530, 51 S. W. (2d) 843, 845, where the Court was dealing with joint indictment, it was said:

"It may have been to the interest of each that he be tried alone, but the orders of the court are molded to protect rights, and not merely the interests, of persons accused of crime. The state, as well as the persons accused, is entitled to have its rights protected, and, when several persons are charged jointly with a single crime, we think the state is entitled to have the fact of guilt determined and punishment assessed in a single trial, unless to do so would unfairly prejudice the rights of the defendants."

It is true in the present case there is no joint indictment yet these cases grew out of the same transaction and where it is contemplated that the interests of the parties are not antagonistic, the trial judge could well,

in the interest both of economy and speedy disposition of his docket, require a joint trial. We think this is discretionary with the trial judge and it seems that the defendants could not be prejudiced by the action of the trial court.

Dykes and Simpson were driving the front car as a lookout for the car containing the whiskey and we have recognized that one in any car that acts as a lookout for the following convoy of intoxicating liquor is so closely connected with its transportation as to be liable under our statute denouncing personal transportation.

*Stroud* v. *State,* 159 Tenn. 263, 17 S. W. (2d) 899.

All assignments of error are overruled and the judgment of the lower court is modified and affirmed.