STATE OF IOWA, appellee, v. SAMUEL HOWARD LATHAM, appellant.

No. 50590.

(Reported in 117 N.W.2d 840)

514

NOVEMBER 13, 1962.

Law offices of Lex Hawkins, by Lawrence F. Scalise, of Des Moines, for appellant.

Evan Hultman, Attorney General, John Allen and Roland D. Peddicord, Assistant Attorneys General, Harry Perkins, Polk County Attorney, and James D. McKeon, Assistant Polk County Attorney, for appellee.

SNELL, J.—By indictment defendant was charged with the offense of breaking and entering as defined in section 708.8, Code of Iowa. Upon his plea of not guilty he was tried and found guilty by a jury. The trial court overruled defendant's motions for new trial and for judgment notwithstanding the verdict and sentenced defendant to the penitentiary.

For reversal defendant claims lack of corroboration of alleged accomplices and prejudicial error committed by the prosecutor in final argument.

I. In the early morning hours of July 10, 1961, Jeanette Freeman and Helen Dolly Hill broke and entered a house in Des Moines and stole one rug and half of another rug.

They were arrested on the afternoon of July 11, admitted the offense and implicated defendant. At the trial they testified for the State and against defendant.

At the trial there was testimony by arresting officers that in defendant's presence the women identified defendant as the one who had helped them steal the rugs.

There was testimony that defendant admitted he was at the scene of the crime and had carried the rugs from the premises and was with the women when the crime was planned.

In his own behalf defendant testified that he picked up the smaller rug from the parking in back of the premises, carried it to his car and took it to Mrs. Freeman's house; changed his clothes and went back to the burgled premises and got the other rug and took it in his car to Mrs. Hill's house.

II. Section 782.5, Code of Iowa, provides:

"Corroboration of accomplice. A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

Mrs. Freeman and Mrs. Hill were accomplices. Corroboration of their testimony was necessary. "Whether there was some evidence of this character was for the court to decide; its sufficiency was for the jury." State v. O'Meara, 190 Iowa 613, 621, 177 N.W. 563, 568; State v. Fletcher, 246 Iowa 452, 459, 68 N.W.2d 99; State v. Gates, 246 Iowa 344, 351, 67 N.W.2d 579.

In State v. Cotton, 240 Iowa 609, 641, 33 N.W.2d 880, 898, it is said:

"This court has repeatedly held that the corroboration need not be of every material fact testified to by the accomplice. The requirements of the statute are met if it can fairly be said that the accomplice is corroborated in some material fact legitimately tending to connect the defendant with the commission of the offense. The corroborating evidence may be either circumstantial or direct. Numerous cases could be cited to this point." (Citations) See also State v. Gates, supra.

The defendant himself may furnish the corroboration required. State v. Bosch, 172 Iowa 88, 92, 153 N.W. 73. "The statute does not require that the corroboration of itself alone shall be sufficient to make a conclusive case of guilt or that it shall be entirely inconsistent with innocence. It is sufficient if, when rationally considered, it has some legitimate tendency to connect the accused with the commission of the crime, and

thereby lend support to the credibility of the accomplice." Page 93 of State v. Bosch, supra.

In State v. Clay, 222 Iowa 1142, 1146, 271 N.W. 212, 215, it is said:

"If the testimony of an accomplice is corroborated by other witnesses in any material point tending to connect the defendant with the commission of the offense, it is sufficient. [Citations]

"The evidence adduced to corroborate an accomplice need not be strong and any corroborative evidence legitimately tending to connect the accused with the commission of the crime and thereby lend support to the credibility of the accomplice is sufficient. It is not necessary that the testimony offered as corroboration be entirely inconsistent with innocence." (Citations)

In the instant case the arresting officers testified that defendant admitted helping the women haul the rugs from the burgled premises and that he was with the women when the plan of stealing was discussed. As a witness in his own behalf defendant admitted carrying the rugs from the premises to his car and hauling them away. There was ample corroboration to generate a jury question.

The jury was fully instructed on the requirements for corroboration. The testimony of the accomplices, together with the corroborating testimony, was sufficient to support the verdict of the jury.

The court did not err in overruling the several motions of defendant urging lack of corroboration.

III. In argument to the jury, counsel for the State in commenting on the necessity for corroboration said, "A person's testimony is corroborated if it is verified or substantiated or confirmed by any testimony which tends to connect the defendant with the commission of the crime. Now we have met this burden and if we have not met the burden of corroborating the accomplice's testimony, you would not receive this case because that is a legal point with which you cannot be concerned at this time." Objection was made and the court said, "The court will cover that matter in an instruction. You may proceed." Later in the same argument counsel for the State referred to one of the alleged

accomplices as defendant's paramour or mistress. Objections were made.

The court commented that counsel was making an inference with which the jury might agree or disagree—"it is up to them."

IV. Mrs. Hill testified that she was defendant's "girl friend". There was evidence that defendant had been to her house on many occasions in the past. He furnished his car and was very solicitous in the late evening activities of his girl friend. Hauling rugs from strange premises at 1 a.m. for a girl friend might conceivably lead to inferences of conduct beyond the limits of propriety.

The argument in behalf of defendant is not before us.

Where the argument for the defense is not before us the argument for the State is presumed to be in response thereto. If responsive it was not error. State v. Cameron, 177 Iowa 379, 381, 158 N.W. 563; State v. Johnson, 221 Iowa 8, 19, 264 N.W. 596; State v. Rutledge, 243 Iowa 179, 199, 47 N.W.2d 251.

V. The granting of a motion for new trial based on alleged misconduct is peculiarly within the discretion of the trial court and this court will not interfere unless it appears that defendant has not had a fair trial. State v. Dale, 225 Iowa 1254, 1257, 282 N.W. 715; State v. Haffa, 246 Iowa 1275, 1287, 71 N.W.2d 35; State v. Harless, 249 Iowa 530, 536, 86 N.W.2d 210.

There is nothing in the record before us to show that the inferences of counsel deprived defendant of a fair trial or that there was any abuse of discretion by the trial court.

VI. The argument for the State relative to corroboration, quoted in Division III, was not correct. See State v. Potter, 243 Iowa 970, 977, 54 N.W.2d 516. Whether or not it was in response to defendant's argument we do not know. See discussion in Division IV supra. However, the court promptly advised the jury that the matter would be covered in an instruction. It was so covered and the jury properly instructed.

Where the inaccurate statement was followed by a correct exposition of the law relating to such matter there was no prejudice. See State v. O'Meara, supra, on page 628 of 190 Iowa Reports. See also State v. Burns, 119 Iowa 663, 672, 94 N.W. 238.

This statement is not a categorical rule applicable to all situ-

ations. Obviously a prosecutor's statements may so violate the limits of propriety and be so prejudicial as to constitute reversible error. Such was not the case here. The statement was not such a flagrant error as to be impossible of correction. The court correctly and in detail instructed the jury. There was no prejudicial error.

We have examined the whole record. The defendant had a fair trial.

The case is—Affirmed.

All Justices concur except Moore and Stuart, JJ., who take no part.