326 So.2d 461 (1975)
STATE of Florida, Appellant,
v.
James Ernest PEAVEY, Appellee.
No. 75-534.
District Court of Appeal of Florida, Second District.
December 10, 1975.
Rehearing Denied February 20, 1976.
*462 Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
Wilbur C. Smith, III, Smith & Carta, Fort Myers, for appellee.
McNULTY, Chief Judge.
The State appeals from an order granting a motion to dismiss a second information which was based on circumstances, or allegedly criminal conduct, giving rise to a prior information which was dismissed. We reverse.
The operative facts begin with appellee Peavey's home being under surveillance for suspected illegal drug activities. On the day in question Peavey left his home, entered his car and proceeded to drive off. Police officers stopped the car and a search revealed marijuana. He was placed under arrest and returned to the house where, apparently, a consent search revealed additional amounts of marijuana. The first information was filed herein charging him with possession on that date of a felony quantity of marijuana. Certain pre-trial discovery proceedings revealed that the state was relying upon the marijuana seized in the automobile as evidence of this charge. The information was subsequently dismissed by the state following an order suppressing that evidence.
Approximately four months later the state filed a second information, making out the same charge of possession of marijuana on the same date as previously, but this time based on the marijuana found in the house. Peavey filed a motion to dismiss this second information arguing double jeopardy and/or contending that the state was collaterally estopped from making out another charge of possession on the same date since, he says, the possession in the house and that in the car involved a "single transaction" of which each incident constituted a facet. Dismissal of the first therefore, he argues, precludes prosecution of the second. The court granted the motion and dismissed the charge concluding that the second information was indeed on the same charge embraced in the prior information and that the dismissal of the latter was a bar to proceeding under the former. We must differ.
To begin with, we would agree that in all events under the facts herein Peavey could have been guilty of only one offense of possession of marijuana on the day and time in question. This is so because, within the contemplation of criminal sanctions, one is deemed at least "constructively" possessed of contraband at a given time and place if he has knowledge of its presence on or about his person or premises and has the present ability exclusively or jointly with another to maintain control over it or reduce it to his physical possession or use;[1] and it matters not, we think, with respect to dispersible contraband of a given kind, *463 such as here, that it may be cached or located in different places on or about his person or on or about his premises. The several such contemporaneous "possessions" constitute but one offense.[2]
Conceivably, of course, one could possess on a part of any given day quantity X of contraband and, should he acquire quantity Y at a later time that day, possess quantity (X + Y) on the same day. If the evidence established the possession only at the latter point in time he would then be guilty of only one offense, i.e., possession of quantity (X + Y). If, however, the state is able to establish by competent proof that he was possessed at the earlier time of quantity X, and was similarly able to establish that subsequently on that day he was possessed of quantity Y, he would be guilty of two separate offenses, triable separately, neither of which would be a bar to a prosecution on the other. In practice, however, possession charges are made out and established on evidence of the quantity known to be possessed at the time of discovery of or arrest on such offenses.
But the important thing in this case is that having made out the one charge of possession at a given time on the day in question the state had a clear right to establish it by alternative proofs; and it seems to us that it doesn't make any difference whether it filed one information in two counts, one charging possession in the house on that day and time and the other possession in the car at the same time, or filed two informations each charging possession on that day and time at one of the respective locations. Proof of either or both instances of possession would have made out the charge.
Furthermore, the single two-count information or the two separate informations, as the case may be, may be prosecuted in the same trial.[3] But if a verdict of guilty is returned as to each count in the first instance, or as to each information in the second, only one judgment and one sentence could be imposed there being but one offense involved.
In this sense, the case really isn't a true "single transaction" case at all. That is to say, in true multi-facet, "single transaction" cases more than one judgment may be entered, albeit but one sentence is appropriate and that for the highest offense. In those cases the proved "single transaction," at once, constitutes two or more offenses, not one, as here. For instance, evidence of a single sale of an illicit drug may also support a conviction of possession thereof.[4] Similarly, a single sale of an unregistered security may also constitute "doing business" as a stockbroker without a license.[5] In a slightly different factual framework, a single robbery accomplished by the separate felony of using a firearm in the perpetration thereof is also a multifacet "single transaction."[6]
Additionally, all so-called "single transaction" cases are in turn to be distinguished from those that may well be termed "single episode" cases in which multiple, separate and severable offenses are committed; e.g., a single robbery involving several victims, a multiple homicide situation, a burglary with intent to commit larceny and the ensuing larceny,[7] or a case in which one is found simultaneously in possession of two separate and distinct kinds of contraband.[8] In this latter *464 class of cases both separate judgments and separate sentences, concurrent or consecutive, are proper.[9]
In any case, it is apparent that the "single transaction" rationale applies only to sentencing. Thus, even in those cases in which its application would be appropriate, it is only in the post-trial posture of the case that it becomes viable at all. Surely, it could not serve before trial as a bar to a prosecution under one or the other or two counts of a single information, or under one or the other of two separate informations, on some hybrid theory combing such rationale with collateral estoppel principles or with any other aspect of double jeopardy.
Finally, to further illustrate our conclusions as to this case, we perceive this case conceptually to be analogous to one in which the accused is charged with manslaughter in the killing of another by operating a motor vehicle while intoxicated and/or in a culpably negligent manner. There is only one homicide which is allegedly committed in one or both of two ways, either or both of which the state is entitled to establish. The charge may be made out in two counts of one information, one sounding in culpable negligence the other in intoxication, or in two separate informations each predicated on one of such alternative theories. Clearly, each theory may be tried in the same trial, whether under one information or two, and a verdict may be returned on either or both. Only one judgment and one sentence would be appropriate, however, there being but one manslaughter.
With respect to double jeopardy sanctions in the foregoing illustration, it is rudimentary that should the state proceed in one trial on one theory and fail, or indeed succeed, it would be precluded from proceeding on the other theory at a subsequent trial. Again, in the present posture of the instant case this latter hypothetical situation is inapposite. The pre-trial voluntary dismissal of the first information here certainly did not constitute "jeopardy."
In view whereof, the order of dismissal appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
SCHEB, J., concurs.
BOARDMAN, J., concurs in conclusion.
NOTES
[1] See, e.g., Amato v. State (Fla.App.3d, 1974), 296 So.2d 609; Medlin v. State (Fla.App.4th, 1973), 279 So.2d 41; Griffin v. State (Fla.App.4th, 1973), 276 So.2d 191. Also, c.f. Smith v. State (Fla. 1973), 279 So.2d 27; Camp v. State (Fla.App.4th, 1974), 293 So.2d 114.
[2] See Zimmerman v. State (1938), 173 Tenn. 673, 122 S.W.2d 436; Puckett v. Commonwealth (1925), 210 Ky. 768, 276 S.W. 811; Green v. State (1928), 22 Ala.App. 536, 117 So. 607. Also cf. Beaman v. State (1940), 69 Okla. Cr. 455, 104 P.2d 260; People v. Von Latta (1968), 258 Cal. App.2d 329, 65 Cal. Rptr. 651.
[3] See Rules 3.150 and 3.151, RCrP.
[4] See Yost v. State (Fla.App.3d, 1971), 243 So.2d 469.
[5] See Easton v. State (Fla.App.2d, 1971), 250 So.2d 294.
[6] See Cone v. State (Fla. 1973), 285 So.2d 12.
[7] See Steele v. Mayo (Fla. 1954), 72 So.2d 386.
[8] As to the latter case, see Jenkins v. Wainwright (Fla. 1975), 322 So.2d 477.
[9] Id.