STATE of Tennessee, Appellee,

v.

Randall E. JAMES, Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

May 13, 1982.

Permission to Appeal Denied By Supreme Court Sept. 13, 1982.

Allen J. Strawbridge, Jr., Dresden, for appellant.

William M. Leech, Jr., Atty. Gen., Gordon W. Smith, Asst. Atty. Gen., Nashville, David G. Hayes, Dist. Atty. Gen., Union City, for appellee.

## OPINION

TATUM, Judge.

The appellant, Randall E. James, entered guilty pleas to indictments charging possession of marijuana with intent to sell and possession of methaqualone. He was sentenced to not less than 1 nor more than 5 years in the marijuana case and not less than 4 nor more than 10 years in the methaqualone case. The sentences were ordered to be served concurrently.

In entering the guilty pleas, his right to appeal the denial of a motion to suppress was properly preserved pursuant to Rule 37(b)(2)(i), T.R.Cr.P. The appellant says that the search warrant was illegally issued because the officer who signed the affidavit for the warrant had ordered an informant to search the appellant's premises and that the information contained in the affidavit was a fruit of the informant's unlawful search. The appellant reasons that the informant became a State agent when he made the search pursuant to the officer's direction. For this proposition of law, the appellant cites Ringle's *Searches and Seizures, Arrests and Confessions* (1980) Rel. # 1, 11/80, § 2.3, at page 2–6; LaFave *Search and Seizure* (1978), § 1.6, at page 114.

There is no evidence that the officer instigated a search by the informant or that the informant conducted a trespass or search. The record reflects that the informant had free access to enter the appellant's premises. The informant came to the officer and volunteered information concerning illegal drug activity of the appellant. The officer thought that the information was "too old" and he instructed the informant "to go and observe and come back to me and tell me about it, what he did observe, and this is what he did." The search warrant was obtained on the officer's affidavit containing the information furnished by the informant after going back to the premises. The trial judge overruled the appellant's motion to suppress and found as a fact that the officer did not direct a search by the informant and that no search was made.

There is abundant evidence to support the finding of the trial judge; therefore, his finding is binding on this court. *Mitchell v. State*, 3 Tenn.Cr.App. 153, 458 S.W.2d 630 (1970); *State ex rel. Lawrence v. Henderson*, 1 Tenn.Cr.App. 199, 433 S.W.2d 96 (1968).

The affidavit in this case contained the nature and source of the information furnished to the officer by the informant and was in all respects sufficient to establish probable cause. *Stroud v. State*, 159 Tenn. 263, 17 S.W.2d 899 (1929); *Jackson v. State*, 153 Tenn. 431, 284 S.W. 356 (1926). The use of undercover agents and informants does not violate the Fourth Amendment. *Lewis v. United States*, 385 U.S. 206, 208, 87 S.Ct. 424, 426, 17 L.Ed.2d 312 (1966); *Hoffa v. United States*, 385 U.S. 293, 302, 87 S.Ct. 408, 413, 17 L.Ed.2d 374 (1966); *United States v. Baldwin*, 621 F.2d 251 (6th Cir. 1980). We find that the search warrant was valid and the search was reasonable.

The trial judge properly overruled the motion to suppress. His judgments on the guilty pleas are affirmed.

WALKER, P. J., and DWYER, J., concur.