STATE of Tennessee, Appellee,

v.

Don ARNOLD and Ray Lawrence, Appellants.

Court of Criminal Appeals of Tennessee, at Nashville.

May 5, 1982.

Richard E. Norman, Jr., Nashville, for appellant Arnold.

William P. Jones, Hendersonville, for appellant Lawrence.

William M. Leech, Jr., Atty. Gen., Jerry L. Smith, Asst. Atty. Gen., Nashville, Lawrence Ray Whitley, Dist. Atty. Gen., Gallatin, for appellee.

## OPINION

DUNCAN, Judge.

The appellants, Don Arnold and Ray Lawrence, were found guilty of being habitual drug offenders, and each received a penitentiary sentence of fifteen (15) years and was fined the sum of $25,000. A co-indictee, James Spurlin, was found not guilty of being an habitual drug offender, but was found guilty of two counts of possession of marihuana with intent to sell. Spurlin was also found guilty, under another count, of the casual exchange of marihuana. Spurlin is not a party to this appeal.

Among other issues raised, the appellants insist that the evidence is insufficient to support their convictions of being habitual drug offenders. We agree.

T.C.A. § 52–1432(d)(1) (Supp.1981) proscribes the offense of being an habitual drug offender. This section defines an habitual drug offender as one who engages in the protracted and repeated violations of the drug laws, either by engaging personally in the illicit drug trade or by participating through another with whom he has conspired to violate such laws. Thus, a violation under this section may be committed by one acting alone, or by one acting in a conspiracy with another or others.

Further, when the drug law violations concern the sales of a schedule VI controlled substance, as is alleged in the present case, then the law requires the State to prove as elements of the offense, five (5) or more violations by a defendant, acting personally or through a co-conspirator or co-conspirators. The violations must occur on separate days. T.C.A. § 52–1432(d)(2)(B). Additionally, the law requires that the indictment for a violation of T.C.A. § 52–1432(d)(1) must charge that the defendant is an habitual drug offender, and the indictment must allege the separate transactions as overt acts within the same count. T.C.A. § 52–1432(d)(3).

The first count of the indictment in the present case charged Arnold, Lawrence and Spurlin with a conspiracy to engage in the protracted and repeated sales of schedule VI controlled substances. It alleged all three to be habitual drug offenders, and alleged ten (10) overt acts,[1] as follows:

1. On or about March 4, 1980, in Hendersonville, Tennessee, James Spurlin sold approximately 21.2 grams of marijuana to Sheila Merritt;

2. On or about April 18, 1980, in Hendersonville, Tennessee, James Spurlin sold approximately 10.4 grams of marijuana to Sheila Merritt;

3. On or about April 29, 1980, James Spurlin and Ray Lawrence a/k/a Cincin-

nati talked with Sheila Merritt on the telephone and made arrangements to sell one pound of marijuana to her through Don Arnold;

4. On or about April 30, 1980, Don Arnold spoke with Sheila Merritt on the telephone and advised her that one pound of marijuana would cost her $400.00;

5. On or about April 30, 1980, Don Arnold, aided, abetted and counseled by James Spurlin and Ray Lawrence a/k/a Cincinnati, sold approximately one pound of marijuana to Sheila Merritt.

6. From on or about April 30, 1980, to on or about May 15, 1980, James Spurlin made numerous telephone calls to Sheila Merritt, inquiring about how she liked the marijuana she obtained from Don Arnold and soliciting further sales to her;

7. On or about May 15 and 16, 1980, Ray Lawrence a/k/a Cincinnati arranged the sale of another pound of marijuana to Sheila Merritt by Don Arnold;

8. On or about May 17, 1980, Don Arnold sold one pound of marijuana to Sheila Merritt in Hendersonville, Tennessee;

9. On or about May 23, 1980, Ray Lawrence a/k/a Cincinnati, aided and abetted by James Spurlin, sold one pound of marijuana in Nashville, Tennessee;

10. On or about May 27, 1980, Ray Lawrence a/k/a Cincinnati and James Spurlin sold one pound of marijuana; against the peace and dignity of the State of Tennessee.

We have directed our attention to the transactions designated as overt acts 1, 2, 5, 8, 9 and 10 because those are the only overt acts that concern actual marihuana sales. After our review of the evidence, we find it is insufficient to prove three of these six alleged drug law violations.

The State attempted to prove the required drug law violations through the testimony of Sheila Merritt, an undercover narcotics agent.

1. In four (4) additional counts, Arnold, Lawrence and Spurlin were charged either singly or jointly with some of the overt acts as separate and additional offenses.

■ Regarding the transactions designated as overt acts 5, 8 and 9 listed above, we are satisfied that the evidence is ample to show the guilt of Arnold and Lawrence of these violations. The proof showed that at the time of those sales, a conspiracy existed between them to sell marihuana, and thus the act of each is attributable to the other, making each culpable for these sales. However, we cannot say the same about Spurlin's sales that allegedly occurred on March 4 and April 18, 1980 (overt acts 1 and 2).

■ Regarding the March 4 transaction, Agent Merritt's testimony in no way implicated Arnold and Lawrence, either personally or as conspirators, in Spurlin's sale of marihuana to the agent. Also, Merritt's testimony about Spurlin's sale of marihuana to her on April 18 (overt act 2), contains nothing to implicate Arnold in that sale. In fact, Arnold does not enter into the picture until April 30 when Agent Merritt first mentions him in connection with that violation. Further, while Agent Merritt's testimony suggests that Lawrence may have been Spurlin's source for the marihuana sold to her by Spurlin on April 18, this does not serve by itself to show that a conspiracy was in effect between Spurlin and Lawrence at that time. Moreover, it is significant that the jury found Spurlin not guilty of the conspiracy-habitual drug offender count of the indictment; rather, the jury found him guilty of these transactions as separate offenses under other counts of the indictment. Thus, in view of the jury's finding as to Spurlin, it follows that no conspiracy could have been in existence between him and either of the appellants on either March 4 or April 18. Therefore, since no conspiracy was in existence at that time, Spurlin's individual acts in selling marihuana to Agent Merritt on March 4 and April 18, 1980, cannot be attributed to either of the appellants.

■ Additionally, we find that the evidence is lacking to show the appellants' culpability for the alleged sale of marihuana on May 27, 1980 (overt act 10). Regarding this alleged sale, the indictment stated that on May 27, 1980, Lawrence and Spurlin "sold one pound of marihuana." In an attempt to support this allegation, Agent Merritt testified that on May 27, 1980, she and T.B.I. Undercover Agent Ben Hillsman, met with Lawrence. The two men left Agent Merritt for about twenty (20) to thirty (30) minutes, and when Hillsman returned he had a "couple of lids" of marihuana. Subsequently, Hillsman and Agent Merritt met Arnold at a car lot where Hillsman exchanged the marihuana for some unidentified pills. Since Hillsman came into possession of this marihuana outside the presence of Agent Merritt, then obviously she could not testify that Lawrence had sold it to him. Hillsman was not present to testify as a witness. Thus, the record is totally devoid of any proof to show that on this occasion Lawrence, Arnold or Spurlin sold marihuana, either individually or by acting through another as a conspirator.

■ Thus, of the six drug law violations alleged as overt acts, we find that the proof establishes the appellants' guilt only as to three of those violations. Since the law requires proof of five violations before one can be guilty of being an habitual drug offender, we must reverse the appellants' convictions and dismiss the count charging this offense.

In view of the ruling we must make in this case, we will limit our comments on the appellants' remaining complaints.

■ Their argument that the habitual drug offender act is unconstitutional is without merit. The same arguments made here were considered and rejected by our Supreme Court in *State v. Hinsley*, 627 S.W.2d 351 (Tenn.1982).

■ Also, the appellants' constitutional attack on T.C.A. § 40–1213(c), which section prohibits bail for Class X felons, must be rejected. *See Swain v. State*, 527 S.W.2d 119 (Tenn.1975).

■ Further, we find no merit to the appellants' contention that T.C.A. § 40–2518(b) is constitutionally infirm. This section shields the jury from the knowledge

that the case on trial involves a Class X felony. Our Court, in *State v. Thomas Eugene Hargis*, No. 81–52–III (Tenn.Cr.App., Nashville, February 9, 1982), found that this section did not violate either the State or Federal Constitution.

■ Additionally, the appellants' complaints about the indictment in this case are without merit. Count one of the indictment adequately charged the appellants with being habitual drug offenders within the purview and requirements of T.C.A. § 52–1432(d)(1), (2), and (3). In *State v. Cole*, 635 S.W.2d 122 (Tenn.Cr.App., 1982), we approved an indictment virtually identical to the one in the present case.

■ Next, the appellants complain about the trial court's charge to the jury. It was the State's theory that there was a general conspiracy between the appellants and Spurlin to violate the drug laws. Therefore, the trial court was obligated to charge on the general law of conspiracy, and this portion of the charge did not detract from other portions of the charge that explained to the jury the State's burden to prove the required five (5) separate drug law violations. We find no error in the trial court's charge.

■ Another complaint by the appellants is that the trial judge made an improper comment to a witness. The record shows that this innocuous remark was merely an effort by the trial judge to prompt the witness to answer a question more fully. The appellants did not object. At any rate, the appellants sustained no prejudice.

Also, the appellants' complaint about Officer Merritt's testimony regarding the events of May 29, 1980, is without merit. Her testimony in that regard was relevant and was properly admitted.

For the reasons stated in the first part of this opinion, we find the evidence to be insufficient to show the appellants' guilt of being habitual drug offenders. Their convictions for that offense must be reversed and that charge must be dismissed. However, we find that this case should be re-manded for a new trial on the fourth and fifth counts of the indictment.

■ We are cognizant of the rule that a special verdict upon one count of an indictment operates as an acquittal upon the other counts to which the jury did not respond. *French v. State*, 159 Tenn. 451, 19 S.W.2d 276 (1929); *Harvey v. State*, 213 Tenn. 608, 376 S.W.2d 497 (1964). However, we are of the opinion that this rule is not applicable to the situation involved in the present case.

■ In the fourth and fifth counts of the indictment, the appellants are charged with the April 30, 1980, and May 17, 1980, transactions (designated as overt acts five and eight under the first count of the indictment) as separate and additional offenses. T.C.A. § 52–1432(d)(3) permits this to be done, but limits the jury to a finding of guilt either of the habitual drug offender count, or of the count(s) charging the separate offense(s), but not both. The trial court so charged the jury in the present case. Implicit in the jury's verdict finding the appellants guilty under the first count of being habitual drug offenders is a finding of their guilt of the transactions separately charged in the fourth and fifth counts; yet, because of the restrictions in the statute, the jury, once it found the appellants guilty under the first count, was precluded from reporting a verdict of guilt on the separate offenses charged in the fourth and fifth counts.

Therefore, we conclude that because of the restrictive language contained in the habitual drug offender statute, the jury's failure to report a verdict on the fourth and fifth counts did not operate as a verdict of acquittal on those charges, and a remand for trial on those counts would be in order.

We reverse the appellants' convictions for being habitual drug offenders and the first count of the indictment is dismissed. We remand this case to the trial court for a new trial on the fourth and fifth counts of the indictment.

TATUM and CORNELIUS, JJ., concur.