IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 23, 2013

## GREGORY A. HEDGES v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Morgan County**
**No. 2012-CR-104     E. Eugene Eblen, Judge**

---

**No. E2012-02557-CCA-R3-HC-FILED-OCTOBER 21, 2013**

---

The petitioner, Gregory A. Hedges, filed in the Morgan County Criminal Court a habeas corpus petition, seeking relief from his convictions of aggravated robbery with a deadly weapon and aggravated kidnapping. The habeas corpus court summarily dismissed the petition, and the petitioner appeals. Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and JEFFREY S. BIVINS, JJ., joined.

Gregory A. Hedges, Wartburg, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

On September 24, 1985, the petitioner was convicted of first degree burglary, two counts of aggravated assault, two counts of aggravated kidnapping, two counts of armed robbery, and grand larceny, which offenses occurred on January 31, 1985. See State v. Gregory Hedges, et al., No. 252, 1987 WL 9535, at *1 (Tenn. Crim. App. at Knoxville, Apr. 15, 1987). For his convictions, the petitioner received a total effective sentence of ninety-six years. Id. On direct appeal, this court affirmed the appellant's convictions and sentences. Id.

Much aggrieved by his incarceration, the petitioner has doggedly pursued relief from his convictions and sentences. He began his pursuit by filing a petition for post-conviction relief, which the post-conviction court denied. On appeal, this court reversed the appellant's grand larceny conviction but affirmed the judgment of the post-conviction court in all other respects. See Gregory Hedges v. State, No. 03C01-9112-CR-00379, 1993 WL 73723, at *1 (Tenn. Crim. App. at Knoxville, Mar. 10, 1993). Thereafter, the petitioner pursued numerous other, albeit unsuccessful, collateral attacks to his convictions. See Gregory Hedges v. David Mills, Warden, No. W2005-01523-CCA-R3-HC, 2006 WL 211819, at *1 (Tenn. Crim. App. at Jackson, Jan. 26, 2006) (habeas corpus); Timothy Bickers, et al. v. State, Nos. E2002-02887-CCA-R3-PC, E2002-02888-CCA-R3-PC, E2002-02889-CCA-R3-PC, 2004 WL 34509, at *1 (Tenn. Crim. App. at Knoxville, Jan. 7, 2004) (post-conviction); Gregory A. Hedges v. State, No. E2002-02610-CCA-R3-PC, 2003 WL 22426831, at *1 (Tenn. Crim. App. at Knoxville, Oct. 24, 2003) (error coram nobis); State v. Gregory A. Hedges, Nos. E1999-01350-CCA-R3-CD, E1999-01323-CCA-R3-CD, 2000 WL 1478569, at *1 (Tenn. Crim. App. at Knoxville, Oct. 6, 2000) (habeas corpus); Timothy Bickers, et al. v. State, No. 03C01-9706-CR-00218, 1998 WL 661528, at *1 (Tenn. Crim. App. at Knoxville, Sept. 25, 1998) (post-conviction).

The instant case is the petitioner's third attempt to obtain habeas corpus relief from his convictions of aggravated robbery and aggravated kidnapping, both of which were classified as Class X felonies. See Tenn. Code Ann. § 39-1-702(4), (5) (repealed 1989). On September 11, 2012, the petitioner filed a lengthy habeas corpus petition, in which he raised numerous grounds for relief. Specifically, he challenged the constitutionality of the Class X statutes "facially and as applied to him" and alleges that his sentences for Class X felonies were effectively overturned by the 1989 Sentencing Act. The petitioner contended that his convictions and sentences were void and that he was entitled to release.

The habeas corpus court summarily dismissed the petition, and the petitioner appeals, again seeking relief from his convictions and sentences. Upon our consideration of the petitioner's issues, we conclude that the petitioner is not entitled to relief.

## II. Analysis

The determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to

seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

On appeal, the petitioner raises nineteen issues, several with subparts, which challenge the habeas corpus court's dismissal of his petition. The issues have been consolidated as follows: First, the petitioner challenges the summary dismissal of his petition without appointing counsel and conducting an evidentiary hearing.[1] However, we note that a trial court may summarily dismiss a petition for writ of habeas corpus without a hearing or the appointment of counsel if the petitioner fails to show that he is entitled to relief. See Tenn. Code Ann. § 29-21-109; see also Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Therefore, we turn to the remainder of the petitioner's claims.

Second, the petitioner contends that when the Class X Felonies Act of 1979 was repealed by the 1989 Sentencing Act, the state courts lost jurisdiction to try and/or punish offenders for those offenses. He asserts that the State's jurisdiction to enforce his sentences for his Class X felonies "necessarily depends upon the life of these statutes" and that, upon the repeal of the statutes, his sentences were void. In response, the State maintains that the 1989 Sentencing Act had no effect on the petitioner's convictions or sentences because the petitioner "was charged, prosecuted, and convicted prior to the enactment of the 1989 Act." We agree with the State.

Tennessee Code Annotated section 40-35-117(b) specifically provides that "[u]nless prohibited by the United States or Tennessee constitutions, any person *sentenced on or after* November 1, 1989, for an offense committed between July 1, 1982, and November 1, 1989, shall be sentenced under the provisions of this chapter." (Emphasis added). This court has observed that "the 'act [does] not affect rights and duties that matured, penalties that were

---

[1]The petitioner supplemented his cites to legal authority with quotes from William Shakespeare, William Penn, Confucius, and Sigmund Freud. Specifically, regarding the habeas corpus court's summary dismissal of his petition, the petitioner, quoting Sigmund Freud, advises this court that "'[t]he voice of the intellect is a soft one, but it does not rest until it has gained a hearing.'"

incurred, or proceedings that were begun before its effective date.'" State ex rel. Stewart v. McWherter, 857 S.W.2d 875, 876 (Tenn. Crim. App. 1992) (quoting 1989 Tenn. Pub. Acts, ch. 591, § 115). In other words, because the petitioner was convicted and sentenced in 1985, the 1989 Sentencing Act is not applicable to his convictions and sentence. Therefore, this issue is without merit.

Further, the court also addressed the savings statute contained in Tennessee Code Annotated section 39-11-112 and concluded that it did not require that defendants be resentenced. This court has previously explained:

> The criminal savings statute has never been interpreted to apply to convictions and sentences which were already received when a subsequent act or amendment provided for a lesser penalty. By their terms, the . . . savings statutes relate to active *prosecutions*, not past cases for which sentences are being served. Absent clear language to the contrary, the changes in sentencing wrought by the 1989 Sentencing Act or by any other act after the petitioner's sentences were imposed would not affect those sentences because they were penalties already incurred.

Id. at 877. Again, the petitioner is not entitled to habeas corpus relief on this basis.

Next, the petitioner raises several issues regarding the constitutionality of the Class X Felonies Act. We note that the Class X Felonies Act, under which the petitioner was sentenced, was not repealed until the enactment of the 1989 Sentencing Act. See Eddie DePriest v. State, No. W2003-02561-CCA-R3-HC, 2004 WL 1872897, at *2 (Tenn. Crim. App. at Jackson, Aug. 20, 2004). This court has repeatedly found that the Class X Felonies Act was not unconstitutional. See State v. Alcorn, 741 S.W.2d 135, 138-39 (Tenn. Crim. App. 1987); State v. Taylor, 628 S.W.2d 42, 46-47 (Tenn. Crim. App. 1981). The petitioner's sentences complied with the law that was in force at the time of his sentencing. See State v. Carico, 968 S.W.2d 280, 286 (Tenn. 1998) (stating that the sentence for a Range I, standard offender under the 1982 Act was twenty to forty years) (citing Tenn. Code Ann. § 40-35-109(a) (1982)). Therefore, he is not entitled to habeas corpus relief on this basis.

Additionally, the petitioner challenges the constitutionality of the denial of bail to persons convicted of a Class X felony. He has, however, failed to establish how this would render his convictions or sentences void. Any challenges to the denial of bail would, at most, render a judgment voidable, not void, and would thus not be a basis for habeas corpus relief. See e.g., Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007); State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291-92 (Tenn. 1964). Nevertheless, we note that this court has repeatedly

found that the statute denying bail to a Class X felon is not unconstitutional. See State v. Arnold, 637 S.W.2d 891, 894 (Tenn. Crim. App. 1982); State v. Selph, 625 S.W.2d 285, 286 (Tenn. Crim. App. 1981).

Further, the petitioner makes multiple arguments that the robbery by use of a deadly weapon and the aggravated kidnapping statutes were unconstitutional and void and that his convictions for those offenses were also void. Specifically, the petitioner alleges that the robbery by a deadly weapon statute, see Tenn. Code Ann. § 39-2-501 (repealed), was unconstitutional because it provided for death as a punishment for violating the statute. However, this contention was rejected in State v. Bowers, 673 S.W.2d 887, 889 (Tenn. Crim. App. 1984). This court has explained that "[w]hile case law did effectively eliminate the unconstitutional punishment of death from Tennessee's old robbery statute, the other provisions of the statute remained constitutionally sound, including the remaining sentencing penalties." Carl P.E. Munsey v. State, No. 01C01-9209-CR-00299, 1993 WL 143544, at *1 (Tenn. Crim. App. at Nashville, May 6, 1993). Accordingly, the petitioner's aggravated robbery conviction and sentence are not void.

The petitioner also complains that Tennessee Code Annotated section 39-2-301(e), the aggravated kidnapping statute, does not fall within the caption of the Public Acts of 1981. This court has previously examined a similar challenge and determined that the claim "require[d] proof beyond the judgment of conviction" and was thus not a proper ground for habeas corpus relief. Jermaine Hunter v. Howard Carlton, Warden, No. E2007-00438-CCA-R3-HC, 2007 WL 2792923, at *2 (Tenn. Crim. App. at Knoxville, Sept. 27, 2007).

Finally, the petitioner contends that Tennessee Code Annotated section 40-21-107(b),[2] which addressed the procedure for revoking a suspended sentence of a person charged with a Class X felony and the denial of bail pending the appeal of such revocation, would violate the prohibition against ex post facto laws if "applied to individuals convicted of crimes *prior* to September 1, 1979, the effective date of the prohibition in the Class X Felonies Act." Initially, we note that the petitioner was sentenced *after* September 1, 1979. Moreover, this claim, even if true, does not entitle the petitioner to habeas corpus relief.

---

[2]Tennessee Code Annotated section 40-21-107 "was repealed by 1989 Tennessee Public Act chapter 591 section 7 and replaced by the Criminal Sentencing Reform Act of 1989 with [Tennessee Code Annotated section] 40-35-311." State v. Shad Tankersley, No. W2005-02901-CCA-R3-CD, 2007 WL 1259212, at *4 n.1 (Tenn. Crim. App. at Jackson, Apr. 30, 2007).

### III. Conclusion

In sum, we agree with the habeas corpus court's determination that the petitioner raised no claims entitling him to habeas corpus relief. Therefore, we affirm the judgment of the habeas corpus court.

_____
NORMA McGEE OGLE, JUDGE